SAMUEL WAXLER & another *vs.* ADOLPH BOTTCHER & another.

Worcester.    September 30, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Broker*, Commission.    *Evidence*, Competency.    *Practice, Civil*, Exceptions.

At the trial of an action by a broker for a commission alleged to have been earned in procuring a customer ready, able and willing to buy land of the defendant, there was evidence, contradicted by the defendant, that a prospective purchaser produced by the plaintiff had agreed with the defendant on the terms of the sale. It appeared that there was a second mortgage upon the property, and witnesses for the plaintiff testified that the defendant had said that that mortgage was payable on demand and that he did not say that it was to become payable on demand the next January, while witnesses for the defendant testified that the defendant had stated that that mortgage was to become payable on demand the next January. The prospective buyer testified that before going to an attorney's office all terms were agreed upon except as to the mortgage. There was no evidence that at the attorney's office the question of the second mortgage was discussed. The defendant offered and the judge excluded the second mortgage note which on its face stated that it was to become payable on demand the next January. *Held*, that

(1) The note in the circumstances was not admissible to contradict the plaintiff's witnesses or to corroborate the witnesses of the defendant;

(2) The defendant was not harmed by the exclusion of the note.

A defendant was not harmed by the admission in evidence of a question to and answer by a witness, even if they were inadmissible, if later, as a part of the discussion when the question and answer were offered, the judge excluded both question and answer and instructed the jury to disregard them, and did not again refer to the matter; and an exception to such proceeding must be overruled.

CONTRACT for a commission for procuring a customer ready, able and willing to buy two parcels of real estate of the defendants. Writ dated March 22, 1923.

In the Superior Court, the action was tried before *O'Connell*, J. When the testimony of the witness Wilson, which was the subject of the second exception referred to in the opinion, was offered, the judge, after discussion, admitted the question and answer, and the defendants excepted. Counsel for the plaintiffs then withdrew the question and asked that the answer be struck from the record, and, subject to exception by the defendants, the judge stated, "Then I will exclude the question and the answer, and the jury will disregard both question and answer."

Other material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiffs in the sum of $2,429.70. The defendants alleged exceptions.

*M. M. Taylor*, for the defendants.

*J. Clark, Jr.*, for the plaintiffs.

CARROLL, J. In this action of contract the plaintiffs recovered a verdict for a real estate commission in procuring a customer ready, able and willing to buy two parcels of land belonging to the defendants.

One issue at the trial was this: Did the prospective buyer, one Wilson, and the defendants, come to an agreement as to the terms of sale? The testimony of the plaintiffs tended to show that the parties agreed to all the terms. The testimony of the defendants tended to show the contrary. Mrs. Bottcher, one of the defendants, was called by the plaintiffs. She testified in direct examination that she listed the property with the plaintiffs and instructed them to procure a purchaser. On cross-examination by counsel for the defendants she stated that the second mortgage on the property was for $14,000, and was payable "the following January." Epstein, one of the plaintiffs, testified that when the property was listed with the plaintiffs, the defendants said that the $14,000 mortgage was payable on demand, that Mrs. Bottcher did not say the $14,000 mortgage "came on demand the following January." Wilson testified that "all the

terms" were agreed on "before going to Attorney Clark's office, except the terms as to the third purchase money mortgage." On cross-examination he denied that Mrs. Bottcher said that the second mortgage was payable "on demand the following January." He further testified that he agreed to assume the two mortgages. The plaintiff Waxler, on cross-examination, testified that the Bottchers said the second mortgage was on demand, and they did not say it would be "on demand the following January." Adolph Bottcher was asked by his counsel if the "$14,000 mortgage, was . . . talked about." He answered, "I said that that mortgage becomes a demand mortgage" next January. The defendants then offered the mortgage note. This note dated January 15, 1919, and was "payable by installments as follows: $1,000 one year from the date hereof, and $1,000 at the end of each succeeding year thereafter for a period of five years from the date hereof, after which time the balance of $14,000 shall be payable on demand." The note was excluded. The defendants excepted; they agreed to the statement of the presiding judge that the inquiry was in reference to what took place in the office of Mr. Clark. The defendants' counsel further stated that the note was offered as bearing on "the credibility of the two stories."

There was no error in excluding the mortgage note. It did not clearly appear that anything was said about the second mortgage at the office of Mr. Clark, or that there was any conversation at this interview concerning the time of payment of this mortgage. The defendants testified without objection that the mortgage became a demand mortgage the following January, and the note which was excluded did not tend to show what was said by the parties at the time the negotiations were carried on in the attorney's office. The note was not admissible, on the facts disclosed in this record, to contradict the plaintiffs or corroborate the defendants. Even if the mortgage note were admissible, there was no prejudicial error in excluding it.

The second exception relates to the evidence of Wilson. He was asked if he intended to have the third mortgage re-

main on the property after the purchase, and answered that he did not. This was excepted to by the defendants. Subsequently both the question and answer were excluded and the jury were instructed to disregard both the question and answer. To this ruling the defendant excepted. Even if the evidence were inadmissible, any possible error was prevented by this exclusion, and the judge could properly act as he did in telling the jury to disregard the evidence. It was not essential for the judge to refer again to the fact that the evidence was to be entirely ignored. *Dempsey* v. *Goldstein Brothers Amusement Co.* 231 Mass. 461. *Lundin* v. *Post Publishing Co.* 217 Mass. 213, 219.

*Exceptions overruled.*