KARL W. P. REECE, administrator, *vs.* P. W. DONOGHUE COMPANY. November 26, 1940. Exceptions overruled. There was no evidence to support a finding that the "snow and ice" on which the deceased slipped came upon the sidewalk as a result of the shovelling from the privately owned "area." The evidence was that the snow from the "area" was first "thrown towards the street and then it was shovelled out into the street." The condition existing after the shovelling "substantially as shown" in the photographs may, so far as appears, have arisen from the tramping down of snow that naturally fell upon the sidewalk before or at the time of the storm that occasioned the shovelling or of snow that was thrown upon the sidewalk from the street or from some other source. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Dahlin* v. *Walsh*, 192 Mass. 163. *Mahoney* v. *Perreault*, 275 Mass. 251. *Rosenblum* v. *Economy Grocery Stores Corp.* 300 Mass. 264. The question of agency, which may well present a further obstacle to recovery, need not be considered.

*G. M. Slade*, for the plaintiff.
*R. L. Mapplebeck*, for the defendant.

LAWRENCE MURPHY'S CASE. December 4, 1940. Decree affirmed. This is an appeal by an employee from a decree of the Superior Court dismissing his claim for compensation under the workmen's compensation law. G. L. (Ter. Ed.) c. 152. The decree conformed to the findings of the reviewing board — the ultimate trier of fact. Those findings superseded the findings more favorable to the employee made by the single member. *Di Giovanni's Case*, 255 Mass. 241, 242. *Seelig's Case*, 280 Mass. 466, 467. The burden rested upon the employee to establish the facts essential to entitle him to compensation. *Sluzis's Case*, 292 Mass. 351, 355. The reviewing board found that an essential fact was not established. The Superior Court had "no right . . . to come to a different conclusion, unless such different conclusion was required as matter of law." *Lazarz's Case*, 293 Mass. 538, 540. Even if, as we do not decide, a different conclusion by the board as a matter of fact would have been warranted by the evidence, clearly such a different conclusion was not as matter of law required by the evidence. The Superior Court, therefore, could not reverse the findings of the reviewing board. And this court cannot do so on appeal.

*G. Karelitz*, for the claimant.
*J. P. Cleary*, for the insurer, was not called on