MATILDA M. CONBOY *vs.* BOSTON MUTUAL LIFE INSURANCE COMPANY. December 3, 1948. Exceptions overruled. This is an action of tort for personal injuries caused by a fall on an icy sidewalk adjacent to the premises of the defendant at the corner of Congress and Franklin streets in Boston about noon on January 30, 1946. The declaration alleged the cause of the fall to be an "unnatural accumulation of snow or ice or both coming from the defendant's premises." The plaintiff excepted to the direction of a verdict for the defendant at the conclusion of the plaintiff's case. From the evidence most favorable to the plaintiff, it appeared that the sidewalk in question was of stone and concrete ten feet in width adjoining the defendant's four-story building. The plaintiff fell on ice "five or six inches in width and about three inches thick" which "extended right around the edge of the whole sidewalk." "It was the outside of the sidewalk where she fell." "The central part of the sidewalk seemed all right." "The inner part . . . was in pretty good shape." Icicles were hanging from a sign which protruded diagonally over the sidewalk forty inches from brackets attached to the building. Icicles were also hanging from a gutter on the building which extended over the sidewalk about six inches. The weather report showed a snowfall on January 25 and patches of ice remaining on the city sidewalks in the morning of January 30. It is apparent that no physical connection was shown between the ice where the plaintiff fell and the possible drippings from either the gutter or the sign. A conclusion that the ice on which the plaintiff fell was an unnatural accumulation due to the maintenance of the defendant's building was not warranted. On the facts here disclosed, *Bullard* v. *Mattoon*, 297 Mass. 182; *Sullivan* v. *Long*, 310 Mass. 230, and *Tomasunas* v. *Khoury*, 314 Mass. 754, relied on by the plaintiff, are not in point. See *Mosher* v. *Cape Ann Savings Bank*, 309 Mass. 512.

*C. P. O'Shea*, for the plaintiff.

*J. L. Lyman*, (*S. P. Sears* with him,) for the defendant.


LINA H. GAUNT *vs.* HANNAH BURROUGHS, executrix. December 28, 1948. Decree affirmed. This petition to the Probate Court alleges, in substance, that in the assets of the estate of Harry E. Burroughs is the sum of $800, the property of the petitioner, which is being withheld from the petitioner without right; and that this money "was given in trust to the defendant for the petitioner" by one McCarthy, "trustee at the time." The prayers are that the court find that said sum is the property of the petitioner, and for further relief. The answer, in substance, denies the allegations of the petition and sets up the defence of res judicata. The Probate Court, "after a full hearing," dismissed the petition, and the petitioner appeals. The record discloses no express findings of fact by the judge, and the evidence is not reported. Obviously there is nothing in the record to show any error in the decree. *Milne* v. *Walsh*, 285 Mass. 151, 153. The petitioner has filed a "brief" with us including certain statements of facts not contained in the record. Appealed cases cannot be retried before us upon assertions in briefs. G. L. (Ter. Ed.) c. 215, § 12. G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1. *Hale* v. *Blanchard*, 242 Mass. 262, 264–265. *Carilli* v. *Hersey*, 299 Mass. 139, 145.

*L. H. Gaunt*, pro se.

*J. C. Johnston*, for the respondent, submitted a brief.