MARGARET CLARK *vs.* NEW YORK CENTRAL RAILROAD
COMPANY.

Suffolk.     November 5, 1948. — February 8, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Nuisance. Snow and Ice. Way,* Public: nuisance. *Real Property,*
Nuisance.

Evidence warranted findings that a drain pipe, inserted by a city beneath
a fill of cracked stone in a space on property of a railroad corporation
between an abutment of a railroad overpass and the wall of an adjacent
public tunnel for pedestrians constructed by the city under the track,
had been adopted and was maintained by the railroad corporation,
and that water coming therefrom and freezing on the travelled portion
of the footway of the tunnel was a nuisance, maintenance of which
rendered the railroad corporation liable for injuries sustained by a
pedestrian when he slipped and fell on such ice.

TORT. Writ in the Superior Court dated April 4, 1946.
The case was tried before *Dillon,* J.

*D. H. Fulton,* for the plaintiff.

*B. Potter, (W. A. Waldron* with him,) for the defendant.

QUA, C.J. This is an action to recover for personal
injuries sustained by the plaintiff on February 13, 1946,
as a result of a fall on an accumulation of ice on a sidewalk
on Parsons Street in that part of Boston known as Brighton.
The action rests entirely upon a count for nuisance con-
sisting of a drain pipe so located on premises of the defendant
as to cause ice to form on the public sidewalk. The trial
judge directed a verdict for the defendant and reported the
case.

Important facts are not in dispute. Sometime before
1941 the Boston and Albany Railroad, of which the defend-
ant is the lessee, constructed an overpass to carry its tracks
over Parsons Street. This overpass was just wide enough
between abutments to take care of vehicular traffic on
Parsons Street under the railroad, but made no provision
for sidewalks. When, about 1941, it was desired to provide

a footway for pedestrians, instead of removing an abutment of the overpass and lengthening the bridge, the city of Boston took land beneath the tracks and constructed a concrete tunnel under them, in part at least through the northerly wing wall of the easterly abutment, and so located that the westerly wall of the tunnel was parallel with, and a few feet distant from, the main portion of the easterly abutment, which held the bridge and which was left in position. The tunnel was constructed in accordance with a decree of the Superior Court entered pursuant to an agreement between the city and the railroad, by which the city was to do all the work except that of temporarily supporting the tracks during the alterations. After the completion of the work the city was to maintain and repair the footway at its own expense.

There was evidence that the railroad "wanted" the city to fill the space between the westerly wall of the tunnel and the easterly abutment of the bridge with cracked stone instead of solid fill "in order to relieve any water pressure that would accumulate between the two walls." This was done, and the drain pipe, six inches in diameter, was inserted by the city at the bottom of this fill just above the level of the sidewalk leading out of the northerly end of the tunnel. The pipe ran from a point within the stone fill through the remaining portion of the northerly wing wall of the abutment of the overpass and was immediately next to, but not in, the westerly wall of the new tunnel. It was therefore "located in premises under the control of the defendant" and not on land taken by the city. It did not project beyond the northerly face of the wing wall which was within a few inches of the northerly end of the new tunnel wall.

There was error in directing a verdict for the defendant.

Although the defendant did not actually insert the pipe in its wall, there was evidence that the pipe was inserted to serve a purpose useful to the defendant by draining the stone fill which the defendant had requested be placed between the two walls; that the bridge engineer of the Boston and Albany, who was on the job acting for the

defendant when the work was done, saw the pipe in place and allowed it to remain; and that it had remained in the defendant's wing wall for from four to five years before the accident. There was ample evidence that, at times at least, water coming from this drain, instead of flowing down into the roadway, would cause a tiny gutter about an inch deep and three inches wide located in the edge of the footway adjacent to the end of the pipe to be filled with ice, and would then spread out and produce ice upon the travelled part of the footway; and that the plaintiff, emerging from the northerly end of the tunnel, fell upon ice so produced. There was therefore evidence that a public nuisance existed by reason of the collection of water into an artificial channel so that it flowed upon a public way. *Field* v. *Gowdy*, 199 Mass. 568. *Bullard* v. *Mattoon*, 297 Mass. 182. *Crafts* v. *McCobb*, 303 Mass. 172. *Lamereaux* v. *Tula*, 312 Mass. 359. *Tomasunas* v. *Khoury*, 314 Mass. 754. *Hooper* v. *Kennedy*, 320 Mass. 576. *Ferreira* v. *Gross*, *ante*, 175, 178.

There was evidence that this nuisance had its source upon the defendant's land, and that, if not originally created by the defendant, it was adopted and maintained by it. *Staple* v. *Spring*, 10 Mass. 72, 74. *Leahan* v. *Cochran*, 178 Mass. 566. *Hynes* v. *Brewer*, 194 Mass. 435, 439. *Fuller* v. *Andrew*, 230 Mass. 139, 145–147. *Attorney General* v. *Boston & Albany Railroad*, 246 Mass. 292, 297. *Towner* v. *Melrose*, 305 Mass. 165, 169. *Whittaker* v. *Brookline*, 318 Mass. 19, 26–27.

There was evidence that the nuisance was the cause of the plaintiff's fall and injury. *Troy* v. *Dix Lumber Co.* 300 Mass. 214. *Hooper* v. *Kennedy*, 320 Mass. 576.

There was no evidence that the city had allowed the tiny gutter above mentioned to become clogged so that the water could not run off, and, even if it had, that fact would not have excused the defendant. *Field* v. *Gowdy*, 199 Mass. 568, 571–572.

In accordance with a stipulation of the parties, judgment is to be entered for the plaintiff in the sum of $3,500.

*So ordered.*