Berman *v.* Massachusetts Building Trust.

═════

JOSEPH BERMAN *vs.* MASSACHUSETTS BUILDING TRUST & another.

Suffolk.   December 7, 1954. — December 29, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Snow and Ice.   Negligence,* One owning or controlling real estate, Snow and ice.

Evidence failed to show that a patch of ice upon a public sidewalk on which a pedestrian slipped and fell was due to freezing of water dripping from a corner of an abutting building above and four or five feet to one side of the patch or to any negligent maintenance of the building.

TORT.   Writ in the Superior Court dated December 22, 1949.

The action was tried before *Dowd,* J.

*Joseph H. Elcock, Jr., (John R. Riordan* with him,) for the plaintiff.

*David W. Kelley,* for the defendants.

RONAN, J.  This is an action of tort to recover damages resulting from a fall on a patch of ice upon the sidewalk of Merchants Row in Boston when the plaintiff was travelling along said way at about 8 o'clock on the morning of December 26, 1947.  The defendants owned and controlled the building abutting the public way where the accident occurred.  The plaintiff had a verdict upon a count alleging the defendants so negligently maintained their premises as to cause an unnatural accumulation of ice upon the sidewalk. The judge under leave reserved and subject to the plaintiff's exception entered a verdict for the defendants.

It appears from the bill of exceptions that the defendants owned and controlled a building four or more stories high which was located on the corner of Faneuil Hall Square and Merchants Row.  The plaintiff as he turned from the square into Merchants Row felt three or four drops of water hitting him upon the head and, as he tried to get out of the way of the drops, he slipped and fell on a patch of ice about six inches deep which graduated down to an inch toward the curb, "and it had been beaded."  The sidewalk had been shoveled and was clear with the exception of this spot of ice. The patch of ice was five feet long and three feet wide.  The place where he fell was four or five feet from the corner of the square and Merchants Row.  After he fell he looked up and saw six or eight icicles hanging from the corner of the building but he saw no other icicles on that part of the building facing Merchants Row.  The temperature had been below freezing for three days prior to and until an hour before the accident, when it rose to thirty-five degrees.  There were snow storms on December 23 and 24, and there was snow on the ground on December 26, 1947.

An abutter is not liable for an injury sustained upon a public way by a pedestrian who slips and falls upon snow or ice or some other object because of the failure of the abutter to remove a natural accumulation of snow or ice, or to sand the walk, or to remove an object if he was not responsible for its presence on the way.  *Bailey* v. *Blacker,* 267 Mass. 73.  *Young* v. *Kaplan,* 267 Mass. 152.  *Jefferson*

v. *L'Heureux*, 293 Mass. 490. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383. *Cooper* v. *Braver, Healey & Co. Inc.* 320 Mass. 138. He cannot, however, as the result of the erection of buildings or the use of his premises collect water in an artificial channel and discharge it upon the public way causing an unnatural accumulation of ice, thus permitting the placing of a dangerous obstacle in the path of the traveller. *Bullard* v. *Mattoon*, 297 Mass. 182. *Tomasunas* v. *Khoury*, 314 Mass. 754. *Ferreira* v. *Gross*, 323 Mass. 175. *Clark* v. *New York Central Railroad*, 323 Mass. 690. *Laskowski* v. *Manning*, 325 Mass. 393.

The question here is whether the patch of ice upon which the plaintiff fell was due to drippings from the corner of the building, for no other source of the patch is suggested. There was no evidence that the defendants' building had any cornices or eaves that overhung the street, or that any part of the roof projected over the way. For all we know the roof might have been a flat one which drained away from the street. There was nothing to show the nature or character of the defendants' building which would cause snow or ice to collect and be deposited upon the sidewalk. Even if drops of water were felt by the plaintiff as he turned the corner of the building, he did not fall at the corner. He had walked four feet beyond the corner before he fell. There was no evidence of any dripping other than at the corner when after his fall the plaintiff attempted to ascertain where the ice came from. There was no evidence that while he was at the site of the accident he felt any dripping of water. We are of opinion that the plaintiff failed to show that the negligent maintenance of the defendants' building caused the patch of ice upon which he fell, and that there was no error in entering a verdict for the defendants under leave reserved. *Sanborn* v. *McKeagney*, 229 Mass. 300. *Mosher* v. *Cape Ann Savings Bank*, 309 Mass. 512. *Conboy* v. *Boston Mutual Life Ins. Co.* 323 Mass. 757.

*Exceptions overruled.*