BESSIE LEWIS vs. FRANK STEINBERG, trustee.

Norfolk.   March 4, 1964. — April 10, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Snow and Ice.   Negligence,* One owning or controlling real estate, Snow and ice.

Evidence merely that a sign attached to and extending out from a building over a public sidewalk "had icicles hanging from the bottom of it . . . [and that] the end of the sign was icy," and that a pedestrian slipped and fell directly under the sign on a mound of ice underneath some snow and slush in an otherwise clear path previously plowed along the sidewalk, left the origin of the ice a matter of conjecture and did not warrant a finding that the owner of the building was liable to the pedestrian.

TORT.   Writ in the Superior Court dated September 7, 1961.

The action was tried before *Ford,* J.

*Samuel Leader* for the plaintiff.

*James W. Bailey* for the defendant.

REARDON, J.   The plaintiff seeks damages for a fractured wrist allegedly sustained by her from a fall on ice unnaturally accumulated on the sidewalk in front of 1415 Beacon Street, Brookline, owned by the defendant.   A sign was attached to and extended out from the building.   The public sidewalk begins from one and one-half to two feet from the building.   The evidence tended to show that the plaintiff, while proceeding along the sidewalk and at a point about three feet from the side of the building and directly under the sign which extended out three or four feet, slipped and fell on a mound of ice underneath some snow which "turned into slush when" she fell.   Except for the mound the sidewalk was clear to the extent of a path some three feet wide, the result of previous plowing.   ". . . [The] sign had icicles hanging from the bottom of it, and the end of the sign was icy."   At the close of the plaintiff's evidence, the court allowed the defendant's motion for a directed verdict and directed the jury to return a verdict for the defend-

ant.   The case is here on the plaintiff's exceptions to the court's action.

There was no error.   The record is devoid of any indication of the origin of the ice on which the plaintiff fell.   We cannot engage in conjecture relative to it and confirm a claim based on an unnatural accumulation of ice when the evidence is silent on what caused the accumulation.   The presence of icicles overhead does not necessarily import liability.   The plaintiff fails on her case in that we are left to guess whether the cause of her fall was one which would result in liability of the defendant.   *Bailey* v. *Blacker,* 267 Mass. 73, 74–75.   *Jefferson* v. *L'Heureux,* 293 Mass. 490, 494–495.   *Berman* v. *Massachusetts Bldg. Trust,* 332 Mass. 114, 115–116.   Cf. *Blanchard* v. *Stone's Inc.* 304 Mass. 634. See *Harrod* v. *Edward E. Tower Co.* 346 Mass. 532, 533.

*Exceptions overruled.*