ROSE SATURNO *vs.* F. W. WOOLWORTH COMPANY. March 2, 1965. Exceptions overruled. This is an action of tort to recover for personal injuries suffered by the plaintiff when she fell on an allegedly unnatural accumulation of ice on the public sidewalk in front of the building controlled by the defendant. A jury returned a verdict for the plaintiff. The case is here upon the plaintiff's exception to the allowance of the defendant's motion for entry of a verdict for the defendant under leave reserved. There was no error. On the evidence most favorable to the plaintiff no inference is warranted that the patch of ice on which she fell resulted from water gathered in an awning attached to the defendant's store and discharged therefrom upon the sidewalk. The plaintiff's exception has its basis in conjecture and therefore cannot be sustained. *Lewis* v. *Steinberg*, 347 Mass. 312. *Jefferson* v. *L'Heureux*, 293 Mass. 490.

*Francis X. Carroll* for the plaintiff.

*Charles W. O'Brien* for the defendant.

SANDINO SMIGLIANI *vs.* BOARD OF APPEALS OF SAUGUS. March 2, 1965. Final decree reversed. A new final decree is to be entered declaring that the board of appeals did not exceed its authority. The Saugus zoning by-law as it applied to vacant lot 14 (containing 5,000 square feet), shown on a recorded 1924 plan, required that lots contain at least 10,000 square feet. A 1960 amendment provided that lots shown on a plan recorded when the by-law was adopted "may be used, provided the total area of said lots is at least" 5,000 square feet and "the owner . . . does not own land on either side. When the total area of a series of adjoining [recorded] lots . . . held under one ownership, at least equals the area requirements of the [z]oning [b]y-[l]aw . . . that series . . . shall be considered as one lot." By a 1950 deed one Hubbard and his wife, who owned adjoining lot 13 of 5,000 feet, took title to lot 14. Accordingly, when the 1960 amendment was adopted, its last sentence (quoted above) became applicable and the by-law requirements applied to the combined lots. Lot 14 was subject to the by-law when Smigliani, a builder, purchased it in 1963 with the intention of erecting thereon a house for resale. The board of appeals denied a variance. A judge of the Superior Court erroneously annulled the board's decision on the ground that it was arbitrary. See *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 557–560. See also *Sorenti* v. *Board of Appeals of Wellesley*, 345 Mass. 348, 353. Upon the agreed facts the board's action cannot be said to have been unwarranted in the light of the character of the neighborhood or the purposes of the by-law or because the proposed violation was trivial. Cf. *Mahoney* v. *Board of Appeals of Winchester*, 344 Mass. 598, 601–602; *Lombard* v. *Board of Appeal of Wellesley*, *ante*, p. 788. It is not argued that G. L. c. 40A, § 5A (as amended through St. 1961, c. 435, § 1), is applicable in any way.

The case was submitted on briefs.

*Augustine S. Gannon, Jr.*, Town Counsel, for the defendant.

*Nicholas J. Decoulos* for the plaintiff.