*Southern District*

## ANTOINETTE DINARDO,

v.

## BERGIN, PLATNER & CO. INC.

Argued: Mar. 26, 1968    Decided: Oct. 18, 1968.

*Present:*    Nash, P.J., Cox, Owen, JJ.

Case tried to *Robinson, J.* in the District Court of East Norfolk    No. 42118

*Owen, J.*    This is an action of tort in which plaintiff alleges that while passing premises occupied and controlled by the defendant corpor-

ation, she was struck and injured by a piece of ice which fell from said premises due to the negligence of the defendant or its agents.

The declaration consisted of a single count of negligence. The defendant answered by way of general denial, contributory negligence and assumption of the risk.

*There was evidence that* the plaintiff was walking along a sidewalk; that the sidewalks were spotted with ice and snow; that it had snowed the day before; that the plaintiff was passing in front of the defendant's place of business; that a piece of ice fell and hit her on the back of the head; she first saw the piece of ice after it hit her; that after being struck she looked up and saw the defendant's sign which overhung part of the sidewalk; that she saw there was ice, snow and icicles around the sign; that she looked down to the spot where the piece of ice had fallen and saw a wet spot; that there was snow clustered on the sides of buildings but the plaintiff did not look to see if there was any snow on the two ledges which also projected out from the building. The defendant is a tenant occupying and controlling only the first floor premises and the sign.

The defendant duly filed seven requests for rulings and waived request number five. The court denied the defendant's requests for rulings and found for the plaintiff.

The court made a finding of facts, including

the following: "There had been a snow storm and a substantial accumulation had fallen and there was an accumulation of snow on the top and sides of the sign and some of this snow had melted so that ice had formed around the edges of the sign where the ice could and did adhere to the sign frame. The plaintiff was walking along the sidewalk near the center thereof and her path of travel took her directly under the outer edge of the sign at which point I find a block of ice which had adhered to the outer edge of the sign broke off and struck the plaintiff on the rear of her scalp." "I find that the piece of ice which struck the plaintiff was approximately eight inches long and one and one-half inches in thickness and that the plaintiff had no occasion to anticipate that this piece would fall from the sign." The court found that the failure of the defendant to notice and remove the snow and ice from the sign to guard against accident was negligence in regard to the accident in question.

There is no evidence to support the trial court's finding that "a block of ice which had adhered to the outer edge of the sign broke off and struck the plaintiff." There is no evidence to support the finding that the piece of ice "was approximately eight inches long and one and one-half inches in thickness." The plaintiff did testify that a "piece of ice fell and hit her on the back of the head," "that she looked down

where the piece of ice had fallen and saw a wet spot.'' It is questionable on the evidence reported as to whether the plaintiff did see the object which struck. It is obvious that she did not know the origin of the object that struck her. If the object that struck her was ice, the origin of the ice is left to conjecture on the reported evidence. The presence of icicles overhead does not necessarily impart liability.

Defendant's request for ruling number six asked the Court to rule that ''The evidence does not warrant a finding other than that the cause of the injuries alleged by the Plaintiff is a matter of conjecture.'' The denial of this request by the trial court was prejudicial error.

*Connors* v. *Richards,* 230 Mass. 436, *Conboy* v. *Boston Mutual Life Ins. Co.,* 323 Mass. 757, *Lewis* v. *Steinberg,* 347 Mass. 312, *Saturno* v. *F. W. Woolworth Co.,* 348 Mass. 794.

It is ordered that the judgment for the plaintiff be vacated and **judgment be entered for the defendant.**

POSTER, WILINSKY, GOLDSTEIN, BURKIN & WENNETT of Boston for the Plaintiff

BADGER, PARRISH, SULLIVAN & FREDERICK of Boston for the Defendant