RALPH GAUDET *vs.* BUILDING INSPECTOR OF DRACUT & another.    December 3, 1970. A plan showing the subdivision of a tract of land in Dracut into many small lots was recorded in the appropriate registry of deeds in 1922. Included in the lots were those numbered 11, 12, 13, 19, 20 and 21. They were contiguous and together they formed a large corner lot having a frontage of 145.54 feet on Freeman Avenue and 86.92 feet on Meadow Road, its two other lines being eighty feet and 111.5 feet in length respectively. The area of the six lots together was 10,280 square feet. In 1946 Dracut first adopted a zoning by-law which either then or later classified these six lots in a General Residence district and required that lots in such district comply with the following minimum sizes: area, 22,000 square feet; frontage and width, 125 feet; and depth, 100 feet. The by-law also provided that the minimum area and width requirements would not apply to a lot "lawfully laid out and duly recorded by plan or deed prior to the effective date of this by-law." On April 4, 1968, the building inspector issued a building permit to Eva Panagis (owner) to erect a two apartment house on the six lots. Ralph Gaudet, a neighbor, seeks a writ of

mandamus to compel the inspector to enforce the by-law and to enjoin the construction which is alleged to be in violation of the by-law. The six contiguous lots are treated as a single lot for the purpose of the zoning by-law. *Vassalotti* v. *Board of Appeals of Sudbury*, 348 Mass. 659. *Smigliani* v. *Board of Appeals of Saugus*, 348 Mass. 794. Thus viewed, they meet the minimum frontage requirement on Freeman Avenue, even though they are deficient in depth by twenty feet. The owner has the benefit of the exemption provided in the by-law; and she also has the benefit of the more recent exemption created by G. L. c. 40A, § 5A, as amended through St. 1961, c. 435, § 1, for lots otherwise nonconforming but having a minimum area of 5,000 square feet and a minimum frontage of fifty feet. Considering both exemptions, and the limited record before us, we hold that the petition was properly denied.

*Order for judgment denying*
*petition affirmed.*

*George W. Anthes* for the petitioner.
*William C. Geary* for the respondent Eva Panagis.
*Edward J. Owens*, for the Building Inspector of Dracut, submitted a brief.