HELEN MALLEY *vs.* ALBERT STEIGER, INC. March 3, 1972. This is an action of tort for negligence in which the judge directed a verdict for the defendant. The case is here on the plaintiff's exception to that action. We summarize the evidence. At 7:00 P.M. on December 29, 1966, the plaintiff was walking along a public sidewalk on Hillman Street in Springfield, on her way to the defendant's department store. When at a point three feet from the defendant's building and twenty feet from the main entrance to the store, she slipped on a patch of ice about one foot by one and one-half feet in size, fell and was injured. There had been no rain, sleet or snow that day. The sidewalk had been cleared at some unspecified time, but there remained several other patches of ice similar to the one where she fell, and none of them had been sanded or salted. Written notice was seasonably given to the defendant under G. L. c. 84, § 21. The judge properly directed a

verdict for the defendant. The evidence did not permit the jury to find that the defendant was negligent. There was nothing to show how the ice was formed or happened to be on the sidewalk, or that the defendant had done any act which in any way contributed to the presence of the ice patch. "An abutter is not liable for an injury sustained upon a public way by a pedestrian who slips and falls upon snow or ice or some other object because of the failure of the abutter to remove a natural accumulation of snow or ice, or to sand the walk, or to remove an object if he was not responsible for its presence on the way." *Berman* v. *Massachusetts Bldg. Trust*, 332 Mass. 114, 115, and cases cited. *Mahoney* v. *Perreault*, 275 Mass. 251, 253–254, and cases cited. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122, 124. *Lewis* v. *Steinberg*, 347 Mass. 312. *Saturno* v. *F. W. Woolworth Co.* 348 Mass. 794. Those cases cited by the plaintiff imposing liability for injuries caused by defective conditions in walks controlled by a defendant do not apply. There is nothing in the record to indicate that the defendant had any control over or right to control the public sidewalk. The several cases cited by the plaintiff imposing liability by reason of the defendant's imbedding of letters or other objects in the surface of a public sidewalk are inapplicable.

*Exceptions overruled.*

*Thomas J. O'Connor*, for the plaintiff, submitted a brief.
*Frederic Hinckley* (*Edward J. Farrell* with him) for the defendant.