Doyle, P. J.
This is an action in tort to recover damages for personal injuries sustained by plaintiff Mary S. Shell in a fall on a public sidewalk in front of 8 Second Street, Cambridge, Massachusetts.[3] Shell alleged that she slipped and fell upon an unnatural accumulation of ice and snow which resulted from the negligence of defendant Harry G. Sirois, the owner of the property at 8 Second Street which abuts the public sidewalk.[4]
The report indicates that there was a snowstorm on Tuesday, November 18, 1986 which continued through Wednesday, November 19,1986. As Mary Shell was proceeding to work the next morning, Thursday, November 20,1986, she fell on ice on the public sidewalk in front of 8 Second Street. The walk, which is heavily traveled, had been shoveled, but not cleared down to the pavement. Some snow with underlying ice remained on the sidewalk, and there were snowbanks along the street side of the walk. The plaintiff testified at her deposition that the sidewalk “was shoveled but it was walked on. You could see there was snow there it was all ice underneath the snow.” Shell stated that the walk had been “shoveled, but not accurately done,” and was not cleared as well as the walks in front of other houses on Second Street. She observed that there was no pile or mound of snow on the walk which caused her fall, and stated only that the shoveling had not been done “correctly” and had probably caused some melting of the.snow which later accumulated as ice.
Defendant Sirois’ deposition testimony indicates that he vaguely remembered a snowstorm in November, 1986, but was unable to recall if he shoveled the sidewalk in question after that specific storm. He did state that it was his customary practice to shovel the walk after a snowstorm.
The defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment with a supporting brief and pertinent portions of the depositions of both .parties. In opposition to the defendant’s Rule 56. motion, plaintiff Mary Shell-filed an affidavit in which she averred only that she had .fallen on an “accumulation of ice and snow” on the public sidewalk in front of-Sirois’ *30 property, that such snow resulted from a storm on the previous day, and that National Weather Service Forecast records established that the temperature had remained below freezing from the time of the storm’s end to the time of her fall the next morning.
The defendant’s motion for summary judgment was allowed by the trial court, and the plaintiffs thereafter requested an appeal to this Division.
Viewing their affidavit and inferences to be drawn therefrom in the light most favorable to the plaintiffs, Stetson v. Board of Selectmen of Carlisle, 369 Mass. 755, 763 (1976); Hub Assoc., Inc. v. Goode, 357 Mass. 449, 451 (1970), and considering all facts set forth in the pleadings and depositions before the trial court, it is clear that the plaintiffs delineated no material issue of fact requiring a trial on the merits in this case and that the defendant was entitled to a judgment in his favor as a matter of law. Accordingly, the trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment is sustained. Community National Bank v. Dawes, 369 Mass. 550, 553 (1975).
1. An essential element of a cause of action in tort is the violation by the defendant of a legal duty owed to the plaintiff. The general dutyimposed upon an owner of land abutting a public way is “to refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). The plaintiffs have made no allegations or averments in this case which would permit a finding that an artificial discharge of water from the defendant,’s premises or any other activity or condition on such property caused the formation of sidewalk ice upon which Mary Shell slipped and fell. Compare, e.g., Troy v. Dix Lumber Co., 300 Mass. 214, 216, 218 (1938). See Romano v. Rossano Construc. Co., 341 Mass. 718, 723 (1961) and cases cited. The presence of the snow and ice on the public sidewalk was attributable to the snowstorm of the preceding day and thus to natural causes.
2. A landowner may lawfully remove snow from his own premises provided that such removal does not obstruct, or in any way create an unnatural condition dangerous to travelers upon, an adjacent public way. Cooper v. Braver Healey & Co., 320 Mass. 138, 319-140 (1946); Graul v. Boston Elev. Rwy., 262 Mass. 104, 108-109 (1928). See Reece v. P.W. Donahue Co., 307 Mass. 610 (1940). An abutting landowner’s duty with respect to snow and ice conditions on the public way itself is well established:
An abutter is not liable for an injury sustained upon a public way by a pedestrian who slips and falls upon snow or ice or some other object because of the failure of the abutter to remove a natural accumulation of snow or ice, or to sand the walk, or to remove an object if he was not responsible for its presence on the way.
Berman v. Massachusetts Building Trust, 332 Mass. 114, 115(1954) and cases cited. It follows that if a landowner elects to shovel a public sidewalk abutting his property, he can be held liable to public travelers thereon only if he creates an obstruction to travel or an artificial condition more hazardous than the accumulation of ice and snow which resulted from natural causes.
In opposition to the defendant’s Rule 56 motion for summary judgment herein, the plaintiffs contend that the defendant’s incomplete shoveling of the public sidewalk in question produced just such an unnatural accumulation of ice and snow. The plaintiffs have, however, advanced little more than the bald *31 allegations of their pleadings to support this contention'[5] Plaintiff Shell admitted unequivocally that there was no obstruction or pile of snow and ice on the • walk which caused her fall. Her suggestion that in the process of shoveling, some snow melted and later accumulated as ice is insufficient as a matter of law to raise a question of the defendant’s liability, “the law is clear... that an abutting owner is not liable for a fall on ice caused by the melting of snow which had been shoveled to the edge of the sidewalk.” Gamere v. 236 Commonwealth Avenue Condominium Assoc., 19 Mass. App. Ct. 359, 362 (1985). See also, Rosenblum v. Economy Grocery Stores Corp., 300 Mass. 264, 265 (1938); Mahoney v. Perreault, 257 Mass. 251, 253 (1931). The plaintiffs simultaneous but contrary contention, based on National Weather Service temperature records, that there had been no melting after the storm raises no inference in support of the plaintiffs’ claim. Such evidence in fact substantiates the defendant’s position that the icy surface of the sidewalk was a natural condition directly resulting from the snowstorm of the previous day. In short, the plaintiffs have advanced little more to raise a triable issue of the defendant’s negligence than Mary Shell’s characterization of the shoveling of the sidewalk as “not accurately done,” and her assessment that whoever shoveled the walk “didn’t shovel right... [didn’t go] to the ground like he should have_[and didn’t do] a very good job shoveling it like the others did.” However, the mere presence of patches of ice and snow on a public sidewalk which has been shoveled by an abutting landowner is an insufficientbasis for a cause of action in tort in the absence of some evidence of action by the landowner which caused or contributed to the icy conditions in question. Malley v. Albert Steiger, Inc., 361 Mass. 862, 863 (1972). No such evidence was offered by the plaintiffs in this case.
Report dismissed.

 Plaintiff Robert F. Shell, Mary’s husband, seeks damages for loss of consortium.

 Harry G. Sirois is the'only remaining defendant in this case. The action against defendant John R. Kelly, who resided at 8 Second Street, Cambridge, MA. on the date.-in.-qyestion, was.dismissed on December 15, 1987. Summary judgment for defendant City of Cambridge was entered on May 11, 1985..

 We note that the plaintiffs’ opposing affidavit failed to assert, even in general form, that the snow and ice upon which Mary Shell slipped was an “unnatural” accumulation. This allegation, critical to the plaintiffs’ cause of action, was made only by counsel in argument before this Division and in the original complaint. “When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations... of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he <roes not so respond, summary judgment, if appropriate, shall be entered against him.” Dist./Mun. Cts. R. Civ. P., Rule 56(e). See, e.g., Madsen v. Erwin, 395 Mass. 715, 719 (1985).