SAMUEL SOLOMON *vs.* ESTHER WEISSMAN.

Suffolk.    November 13, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Snow and Ice. Nuisance. Negligence,* Of person owning or controlling real estate. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort for personal injuries resulting from the plaintiff's slipping and falling upon a ridge of ice on a sidewalk, there was evidence that the cornice of the adjoining building, which was owned and controlled by the defendant, overhung the sidewalk; that, for a week or more previous to the accident, icicles hung from the cornice; and that water dripped from the icicles onto the part of the sidewalk where the ice was. The trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held,* that
    (1) The plaintiff was not required to prove what caused the presence of the icicles on the cornice; the defendant was liable if he maintained a building so constructed that through the operation of natural causes a dangerous condition of the sidewalk would result;
    (2) The defendant's motion properly was denied.
On testimony by the plaintiff at the trial above described that he never had had trouble with his foot before the accident, but that he did have trouble thereafter; and testimony by a medical expert that a bony deformity existed in the foot; that he had a flat foot; and that such

condition could result as a natural and probable consequence of the accident, the judge properly refused to rule that there was no evidence that such condition was caused by the accident.

TORT. Writ dated June 11, 1925.

Material evidence at the trial in the Superior Court before *Donahue, J.,* is described in the opinion. At the close of the evidence, a motion by the defendant that a verdict be ordered in his favor was denied by the judge, who also refused to rule as requested by the defendant that "There is no evidence that the condition of flat feet which the plaintiff is alleged to have was caused by his accident." There was a verdict for the plaintiff in the sum of $2,500, and the defendant alleged exceptions.

*B. J. Sullivan,* for the defendant.
*W. B. Keenan,* for the plaintiff.

SANDERSON, J. This is an action of tort for personal injuries. Evidence was introduced tending to prove that the plaintiff, while walking in front of the defendant's building, slipped on a ridge or mound of ice in the middle of the sidewalk and fell; that icicles about three feet long were hanging from the cornice of the roof of the building and water was dropping from them upon the middle of the sidewalk; that the front wall of the building was on the street line and the front edge of the cornice extended over the sidewalk; that the mound or ridge of ice was about three inches thick and about three feet wide extending on the sidewalk the whole length of the building parallel to it; that icicles had been observed hanging from the eaves all along the building for a week or more prior to the accident, and snow also covered a part of the sidewalk.

The refusal of the judge to direct a verdict for the defendant was right. The jury could have found that the ice on which the plaintiff fell was formed from water that dropped from icicles at or near the edge of the cornice of the defendant's building overhanging the sidewalk. The plaintiff was not required to explain the presence of icicles on the cornice. This part of his case was made out if he proved that icicles there created a dangerous condition on the sidewalk likely to cause injury to travellers thereon. The

liability is based upon the maintenance of a building with a cornice so constructed and located that through operation of natural causes an icy and dangerous condition of the sidewalk would result. *Shipley* v. *Fifty Associates*, 106 Mass. 194. *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, 264. *Marston* v. *Phipps*, 209 Mass. 552, 554. *Allen* v. *Salmansohn*, 254 Mass. 500. See *Robrish* v. *Snyder*, 252 Mass. 92.

The questions, whether the plaintiff was suffering from a flat foot and, if so, whether that condition was caused by the accident, were properly left to the jury. He testified that before the accident he never had any trouble with his foot; that since the accident he could not use it as much as formerly and that it bothers him a great deal. The doctor testified to a bony deformity in the plaintiff's left foot and ankle; that he had a fixed flat foot that could result as a natural and probable consequence of the accident.

No error in the conduct of the trial is disclosed by the record.

*Exceptions overruled.*