BERTHA E. BULLARD *vs.* MAY MATTOON & another.

Berkshire.  April 9, 1936. — April 2, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Way,* Public: nuisance. *Snow and Ice. Nuisance. Negligence,* Of person owning or controlling real estate.

A building so constructed that water dripped from overhanging portions of the building to the public sidewalk, where it froze and formed a dangerous accumulation of ice, constituted a nuisance, and a pedestrian who fell thereon and was injured could recover from one owning or in control of the building without proof of specific negligence in the construction or maintenance of the building.

Tort.   Writ in the Superior Court dated May 20, 1932.

The action was tried before *T. J. Hammond*, J.   There was a verdict for the defendant.   The plaintiff alleged exceptions.

The plaintiff's first and second requests for rulings of law, referred to in the opinion, were as follows:

"1. The land owner, in, possession of his premises, who collects water into a definite channel in any manner and pours it upon a public way whereby, through the operation of natural causes, ice there forms, it is the efficient cause in the creation of a nuisance and he is liable for whatever damage results as a probable consequence.

"2. If the defendant maintains a building with a cornice or window ledges or sills so constructed and located that, through the operation of natural causes, an icy and dangerous condition of the sidewalk would and did result, and the condition had existed for a long time so that the defendant knew or should have known of it, then the defendant is liable to one who, in the exercise of due care, slips and is injured on ice so formed upon the sidewalk."

*D. A. Foley*, for the plaintiff.

*M. B. Warner*, for the defendants.

Donahue, J.   The plaintiff testified that, while walking on the sidewalk on a public highway in Pittsfield, she slipped on an accumulation of ice three or four inches high, fell and was injured.   It was agreed that adjoining the sidewalk was a building owned by the defendants, the wall of which was built substantially on the street line, that is, on the inner line of the sidewalk.   It was also agreed that, over a plate glass window on the side of the building nearest the street, there was a projecting cornice, nine feet long and one foot wide, which overhung the sidewalk and that on the second floor of the building just beyond the end of the cornice there were two windows under each of which was a granite ledge three feet long, the outer edges of which projected over the sidewalk about an inch.   There were no gutters or conductors on the street side of the building.

There was testimony that at the time of the plaintiff's injury there was snow on the cornice and on the window

ledges and icicles were hanging therefrom; that water from the melting snow was dripping from the icicles; and that there was a ridge of ice underneath on the sidewalk running parallel with the building. There was evidence warranting the conclusion that the ridge of ice had been formed by water dropping from the icicles on the cornice and window ledges and freezing on the sidewalk and that the plaintiff's injury was due to slipping on a mound-shaped area of ice which was part of that ridge. There was evidence that the structural condition of the side of the building nearest the sidewalk had been the same for twenty-six years, that the defendants' agent in charge of the premises was at the building each day and that a similar ridge of ice had been formed on the sidewalk at an earlier time on a day following a snow storm. There had been a six-inch fall of snow the night before the plaintiff's injury and a similar fall of snow two nights before. The bill of exceptions recites that the only questions raised by the exceptions relate to the judge's instructions to the jury, his refusals to instruct the jury as requested by the plaintiff and his exclusion of certain evidence offered by the plaintiff.

The case was tried in the Superior Court and there was a verdict for the defendants. The plaintiff excepted to the refusal of the judge to give her first and second requests and to a portion of the judge's charge pertaining to the same subject matter. These are the only exceptions argued before us.

In the course of his charge the judge instructed the jury "as a matter of law," that if a landowner in possession of property "by negligent act in construction, collects water into a definite channel in any way and then turns it out on the highway or a street where, through the operation of natural causes, ice forms, it then becomes, or may become, under some circumstances, a condition which the jury might say was a nuisance, and if an individual does that, of course he is liable to any damage that results from maintaining a nuisance." The plaintiff concedes in her brief that if the words "by negligent act in construction" were omitted,

this portion of the charge would be in substantial accord with her first request for a ruling.

Following the portion of the charge above quoted the judge went on to say: "Or if the defendant maintains a building with structures or anything added to it so that those structures, through either improper or negligent construction or improper and negligent maintenance, cause water to flow in channels other than the usual channels, and it flows out on the sidewalk and freezes and then causes injury to a person, the plaintiff can recover." The plaintiff concedes in her brief that this statement would be substantially in accord with her second request if the words "through either improper or negligent construction or improper and negligent maintenance" were omitted.

At the close of the charge the plaintiff's attorney claimed exceptions "to that part of your charge where you said the plaintiff must prove negligence in the construction" or maintenance of the building and to the failure of the judge to grant his requests for rulings. A discussion then followed in which the attorney stated: "My contention is that you don't need to prove negligence if you prove that the building is so constructed that in the natural course of events water will fall and freeze," and the judge declined to rule that the plaintiff did not have to prove negligence.

At the outset of the charge the judge stated that a landowner has the right to erect a building upon the street line and to have eaves, cornices or window sills overhanging the street line in the absence of a specific ordinance to the contrary, that the obligation of such an owner is "To use the methods in the construction and maintenance of his building that are considered good building construction methods," and that "if he does that and maintains it with good care, in good condition, and by that I mean the condition that the ordinarily careful and prudent individual would consider proper," he has fulfilled his obligation.

Following the portions of the charge first above quoted the judge instructed the jury, "there is no liability at all for snow and ice unless there is something negligent con-

nected with it . . . . That means failure to do that which a person should do, or an individual doing something in the construction of a building that is not in accordance with the proper structural method or proper care and maintenance" of the building. At the end of the portion of the charge dealing with the matter of liability the judge instructed the jury that the plaintiff could not recover unless she proved: "that there was negligent construction in the building which resulted in . . . turning water in a channel of some sort on the sidewalk and that it was that water which froze and did the damage."

The basis of the liability of an owner of land or buildings for injury received by a traveller on an adjacent highway due to ice formed from water coming from the owner's premises, is the creation of a condition on the highway dangerous to those lawfully using it. A landowner "has no right to collect water into a definite channel by a spout or otherwise and pour it upon a public way. If he does this and through the operation of natural causes the water freezes, he is the efficient cause in the creation of a nuisance and is liable for whatever damage ensues as a probable consequence." *Field* v. *Gowdy,* 199 Mass. 568, 570–571. This principle applies whether water so collected is poured directly on the street, *Shipley* v. *Proctor,* 177 Mass. 498, *Leahan* v. *Cochran,* 178 Mass. 566, *Cerchione* v. *Hunnewell,* 215 Mass. 588; or is deposited some distance from the street but flows down a concrete walk, *Field* v. *Gowdy,* 199 Mass. 568; or a sloping bank, *Cochran* v. *Barton,* 233 Mass. 147, or other graded area on the owner's premises, to the highway. It applies also where a building is so constructed that a portion of it overhangs the street and water drops therefrom to the sidewalk underneath and freezes, *Marston* v. *Phipps,* 209 Mass. 552, *Stefani* v. *Freshman,* 232 Mass. 354, *Allen* v. *Salmansohn,* 254 Mass. 500; and where water drops from icicles formed on an overhanging part of a building and freezes on the sidewalk, *Solomon* v. *Weissman,* 265 Mass. 423.

There was here no defect in the cornice or window ledges, in the sense that they were worn or cracked or had holes

in them. They were in the same condition as when the building was erected twenty-six years before the time of the plaintiff's injury. The cause of the presence on the sidewalk of the ice which caused the plaintiff's injury was the fact that there were structures overhanging the sidewalk.

In such a case an injured plaintiff in order to recover is not obliged to prove specific negligence in the construction or maintenance of the owner's building. The duty of the owner is, not to erect or maintain his building so that it creates a dangerous area of ice upon the street. If the character of his structure does create such a condition he is liable without other proof of negligence. It was said in *Shipley* v. *Fifty Associates*, 106 Mass. 194, 200, that "the defendants have no right to erect or maintain a building so near to the street, and with a roof of such a construction, that, notwithstanding all the care that can be taken, passengers upon the sidewalk shall be subjected" to injury, and in *Solomon* v. *Weissman*, 265 Mass. 423, 424–425, that "The plaintiff was not required to explain the presence of icicles on the cornice. This part of his case was made out if he proved that icicles there created a dangerous condition on the sidewalk likely to cause injuries to travellers . . . . The liability is based upon the maintenance of a building with a cornice so constructed and located that through operation of natural causes an icy and dangerous condition of the sidewalk would result." See also *Shipley* v. *Fifty Associates*, 106 Mass. 194, 199; *Marston* v. *Phipps*, 209 Mass. 552, 554; *Gilland* v. *Maynes*, 216 Mass. 581, 582, 583. Compare *Jefferson* v. *L'Heureux*, 293 Mass. 490, where the source of the water which caused the ice formation was conjectural.

The plaintiff's first and second requests substantially expressed the principle of law stated in the opinion in the case of *Field* v. *Gowdy*, 199 Mass. 568, which includes no reference to negligence. In dealing with those requests the judge instructed the jury in effect that liability of the defendants depended on a finding of negligence, which he defined as "something in the construction of a building that is not in

accordance with proper structural method or proper care and maintenance." He had earlier in his charge stated that the duty of a landowner was "To use the methods in the construction and maintenance of his building that are considered good building construction methods . . . ." The plaintiff in this case would be entitled to recover if the jury found merely that the construction of the building was such that under certain climatic conditions it would create a dangerous area of ice upon the sidewalk and that the ice which caused the plaintiff's injury was so created, if that characteristic of the structure was known or reasonably should have been known to the defendants. By the instructions given, in order to recover the plaintiff was required to prove more than this. This case is not controlled by what is said in *Roland* v. *Kilroy*, 282 Mass. 87, 92, 93, where water came upon the sidewalk, not by reason of the manner in which the building had been constructed, but through a defect which had come into existence in the roof gutters.

We think the refusal to give the plaintiff's first and second requests was error and that the error cannot be said to have been harmless.

*Exceptions sustained.*