PETRONELLA TOMASUNAS *v.* JOSEPH J. KHOURY &
another.

Worcester.    September 28, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Snow and Ice. Nuisance. Way,* Public: nuisance.

Evidence, that a public sidewalk was clear of snow and ice except for a
patch of ice running across it from an adjacent building, the roof of
which slanted downward and projected over the sidewalk, and that
water and snow had previously been seen coming from the roof onto the
sidewalk at times over a period of several weeks, warranted a finding
that the patch of ice was due to the projecting roof and was a nuisance
created by the owner of the building toward a traveller injured by slip-
ping thereon.

TORT. Writ in the Superior Court dated February 24,
1941.

The case was tried before *Dillon,* J., and in this court was
submitted on briefs.

*H. R. Sher & C. W. Tamulonis,* for the plaintiff.

*H. C. Walsh,* for the defendants.

DOLAN, J. This is an action of tort to recover for per-
sonal injuries sustained by the plaintiff as the result of slip-
ping and falling on ice on the sidewalk in front of premises
owned by the defendants. The case was tried to a jury and
at the conclusion of the evidence the judge allowed the de-
fendants' motion for a directed verdict, subject to the plain-
tiff's exceptions.

There was evidence that would have warranted the jury
in finding the following facts. On January 5, 1941, at about
4 P.M. the plaintiff, accompanied by another woman, walked
from her house on Suffield Street, in Worcester, to the
defendants' premises on Millbury Street in that city. On
January 3 and 4, 1941, about nine inches of snow had fallen.
On January 5, the day of the accident, the weather was clear
except for a few snow squalls early in the morning. On
January 3 and 4, the temperature was at some time during

those days thirty-two degrees. At that temperature snow becomes slush. The sidewalks on Millbury Street (a public highway) were clear of snow and ice except that a portion of the sidewalk in front of the defendants' premises "was covered by a patch or hump of ice about four feet wide and three inches high . . . [that] ran from the front wall of the defendants' building to the curbing. The ice was clear, shiny and bumpy." Otherwise the sidewalk in front of the defendants' building was "clean and clear." The plaintiff walked slowly and carefully but slipped on this accumulation of ice and fell, sustaining injuries. "The defendants' building is so constructed that the front thereof and the sidewalk join together. There is no space between the sidewalk and the building . . . [which] has on it a slanting roof which slants at a sharp angle towards the sidewalk and projects over it for a distance of . . . [at least] eighteen inches." For a period of four or five weeks before the accident water or snow had been seen coming from the roof of the building onto the sidewalk when the sun shone. The defendant Joseph testified that he had spread ashes on the sidewalk during the day that the accident occurred and the day before. Due notice of the accident was received by the defendants.

The principles of law governing the present case are well settled. It is established that "the basis of the liability of an owner of land or buildings for injury received by a traveller on an adjacent highway due to ice formed from water coming from the owner's premises, is the creation of a condition on the highway dangerous to those lawfully using it." *Bullard* v. *Mattoon*, 297 Mass. 182, 186, and cases cited, and that a landowner "has no right to collect water into a definite channel by a spout or otherwise and pour it upon a public way," and that if "he does this and through the operation of natural causes the water freezes, he is the efficient cause in the creation of a nuisance and is liable for whatever damage ensues as a probable consequence." *Field* v. *Gowdy*, 199 Mass. 568, 570, 571. This principle applies where, as in the present case, the jury could find properly that the defendants' building was so constructed that a portion of it over-

hung the sidewalk and water dropped therefrom to the side-walk underneath and froze, *Bullard* v. *Mattoon*, 297 Mass. 182, and cases cited, and that the plaintiff was injured by slipping and falling thereon. See *Crafts* v. *McCobb*, 303 Mass. 172, 174, and cases cited. The plaintiff was not required to prove specific negligence in the construction or maintenance of the defendants' building. The duty of the defendants was to erect or maintain their building so that it did not create a dangerous area of ice upon the street. *Shipley* v. *Fifty Associates*, 106 Mass. 194, 200. *Solomon* v. *Weissman*, 265 Mass. 423, 424, 425. We have examined the many cases relied upon by the defendants. They concern, however, situations where the accumulations of snow or ice in question consisted of accumulations that could not be said to have been created by an artificial channel which caused water to flow upon the sidewalk. See *Mahoney* v. *Perreault*, 275 Mass. 251, 253. In the present case we think that it could not have been ruled properly that the evidence left it conjectural whether the icy condition of the sidewalk in question was caused by the dropping of water or falling of snow from the projecting roof of the defendants' building, or whether the condition was due to natural causes, compare *Jefferson* v. *L'Heureux*, 293 Mass. 490, but that an inference could be drawn rightly by the jury that the icy condition of the sidewalk involved was created by the manner in which the defendants' building was constructed and maintained.

It is unnecessary to consider the exception of the plaintiff to the exclusion of certain evidence. Her exception to the action of the judge in directing the jury to return a verdict for the defendants is sustained.

*So ordered.*