ANTHONY FERREIRA *vs.* SAMUEL GROSS & another.

Middlesex.    May 5, 1948. — July 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Notice. Snow and Ice. Nuisance. Way*, Public: nuisance.

Within G. L. (Ter. Ed.) c. 84, § 21, there was sufficient service of a written notice of injury upon one owning and controlling an apartment house occupied by several tenants where it appeared that the notice was addressed merely to "the owner, owners, lessee, lessees, tenant, tenants, occupant, occupants, person, persons, or corporation in control of" the premises, that the notice was posted on the door at the entrance to the first floor, and that a copy of the notice was delivered, with a request that it be delivered to the landlord, to one who answered a knock on the door and said he was a tenant; it was not necessary to prove that the owner actually received the notice.

A finding that one owning and in control of a building abutting a sidewalk created a nuisance thereon was warranted by evidence that a bay window extended over the sidewalk, that at the top of the bay was a projecting roof having no gutter or conductor, and that water dripped from icicles hanging from the roof of the bay onto the sidewalk and froze in patches there.

TORT. Writ in the Superior Court dated December 11, 1942.

The action was tried before *Beaudreau,* J.

*S. H. Lewis,* (*W. H. Gross* with him,) for the defendants.

*L. Karp,* for the plaintiff.

SPALDING, J. This action of tort was brought to recover for injuries sustained by the plaintiff on January 28, 1941, when he fell on an alleged accumulation of ice on the sidewalk in front of premises owned by the defendants. There was a verdict for the plaintiff. The defendants' exception to the denial of their motion for a directed verdict raises these questions: (1) whether the notice was sufficient and (2) whether the evidence warranted a finding that the plaintiff's injuries were caused by a nuisance maintained by the defendants.

1. The notice complied with the statute. At the time of the accident the defendants owned and controlled a four-story apartment house at 148 Berkshire Street, Cambridge, which was occupied by eight tenants. On February 6, 1941 (nine days after the accident), the plaintiff's attorney posted a notice of the time, place and cause of the injury on the door at the entrance to the first floor. To a person who responded to a knock on the door and who said he was a tenant, the attorney delivered a copy of the notice with a request that it be delivered to the landlord. The attorney at that time did not know who owned the premises. One of the defendants testified that he first learned about the accident when he was served with a writ in December, 1942, one year and eleven months after the accident. The heading on the notice was as follows: "To the owner, owners, lessee, lessees, tenant, tenants, occupant, occupants, person, persons, or corporation in control of the premises, #148 Berkshire Street, Cambridge, Mass." That part of the notice relating to the time, place and cause of the injury and the name and residence of the person injured need not concern us, as the defendants concede that as to these matters the notice was sufficient. The sole question argued by the defendants is whether the giving of notice in the manner described above satisfied the statute.

General Laws (Ter. Ed.) c. 84, § 21, after stating that the three preceding sections (18, 19 and 20), so far as they relate to notices of injuries resulting from snow or ice, shall apply to "actions against persons founded upon the defective condition . . . of adjoining ways, when caused by or consisting in part of snow or ice," provides that "Such notice may be given by posting it in a conspicuous place on said premises and by leaving it with any person occupying the whole or any part of said premises, if there be such a person." The purpose of the quoted portions of § 21 was to provide "a convenient way for the giving of notice where the landlord is unknown or if for any other reason it is difficult to deliver the notice." *Tobin* v. *Taintor*, 229 Mass. 174, 176. It is not necessary that the person charged with the responsibility for the accident be named in the notice; it is enough if the notice sufficiently describes him. *Blanchard* v. *Stone's Inc.* 304 Mass. 634, 638. *Bychower* v. *United Cigar Stores Co.* 253 Mass. 542. *Stefani* v. *Freshman*, 232 Mass. 354. Where notice is given under that part of the statute which authorizes it to be given by posting it in a conspicuous place on the premises and by leaving it with an occupant thereof, proof that it has been given in this manner and that it sufficiently described the person sought to be charged is all that is required; it is not necessary to show that that person actually received the notice. In so holding we are not to be understood as impairing the well established rule that "In the absence of express provision to the contrary, a notice is not given until received by the person to be notified." *Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354. Nor is this a case where proof of the matters contained in the last clause of § 21 [1] is essential to the validity of the notice. Here there was no "inaccuracy or misstatement in respect to the owner's name." The defendants, although not named in the

[1] This reads "and no such notice shall be invalid by reason of any inaccuracy or misstatement in respect to the owner's name if it appears that such error was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises or of a way adjoining the same."

notice, were properly described therein and a finding was warranted that it was served in the manner prescribed in the statute.

2. The evidence on the issue of liability warranted the following findings: On the front of the defendants' house is a bay window which starts at the top of the first floor and runs to the roof. The bay extends over the sidewalk about two feet. On top of the bay is a roof or cornice which projects about eight inches over the bay. There are no gutters or conductors on the front of the house. At the time of the accident there were icicles hanging on the roof of the bay from which water was dripping. There was ice on the sidewalk beneath the roof of the bay. There were ice patches "two or three feet around" which were "close to the building everywhere." Some parts of the sidewalk were bare. It had "snowed on the day of the accident or the day before." At other times "there were always hanging icicles there." The plaintiff slipped and fell on a place on the sidewalk two or three feet from the wall which was underneath the bay. The ice at that place was about three or four inches thick.

We are of opinion that the case was rightly submitted to the jury. The jury could have found that the ice on which the plaintiff fell was formed from water that came from icicles on the roof of the bay. The case is governed by *Solomon* v. *Weissman,* 265 Mass. 423, *Bullard* v. *Mattoon,* 297 Mass. 182, 186–187, *Troy* v. *Dix Lumber Co.* 300 Mass. 214, 216, *Harrison* v. *Poli-New England Theatres, Inc.* 304 Mass. 123, 124–125, *Lamereaux* v. *Tula,* 312 Mass. 359, 361, and *Tomasunas* v. *Khoury,* 314 Mass. 754, 755, rather than by *Bailey* v. *Blacker,* 267 Mass. 73, *Young* v. *Kaplan,* 267 Mass. 152, and *Jefferson* v. *L'Heureux,* 293 Mass. 490, cited by the defendants.

*Exceptions overruled.*