Cowin, J.
This action arises out of an incident in which the plaintiff, Barbara Thomas (“Thomas”), slipped and fell on a sidewalk outside the Arsenal Mall, for which the defendant, New England Development, Inc. (“New England”),[1] has management responsibility. Thomas’s Complaint alleges negligence for failure to keep the sidewalk clear of ice (Count I); violation of G.L.c. 93A for failure to make a reasonable settlement *132 offer in response to a demand letter (Count II); and violation of G.L.c. 176D for unfair insurance claim settlement practices (Count III). New England has now moved for summary judgment on all counts of the Complaint. For the following reasons, the motion for summary judgment is allowed as to Counts II and III and denied as to Count I.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
On November 12, 1990, at approximately 11:45 a.m., Thomas went outside while on her lunch break from work, and walked across the street toward the Arsenal Mall (“mall").[2] The sidewalk outside the mall was wet, precipitation having fallen earlier that day, as well as on each of the two days prior. Local newspapers from that date indicate that the temperature was in the vicinity of 32 degrees Fahrenheit.
While working on the sidewalk, Thomas began to slip “as if . . . ice skating,” Deposition of Barbara Thomas at 51, and was assisted to a bench by a passerby. After sitting on the bench for approximately ten minutes, Thomas stood up and immediately fell. She was taken by the police to a nearby hospital where she was treated for a fractured ankle.
Subsequent to the injury, Thomas sent a demand letter to New England pursuant to G.L.c. 93A. New England does not deny that it is the mall owner’s representative, and is responsible for the mall’s management. New England carries an insurance policy which provides, in relevant part: “In consideration of the premium charged, it is agreed that the Limits of Insurance for each of the coverage provided by this policy will apply excess of a $10,000 Self-Insured Retention . . .”
Thomas alleges that New England refused to tender a reasonable settlement offer in response to the demand letter. Further correspondence followed, in which Thomas attempted to ascertain the name of New England’s insurer. New England wrote to Thomas on April 19, 1991, stating:
[I]n your letter you request the insurance carrier’s identity and so forth. As far as you are concerned, the only person you need to know about is me. I assure you that I will comply with our responsibility under our insurance agreement, such that our [sic] rights are protected.
Thomas asserts that New England was negligent in failing to keep the sidewalk clear of ice and that New England’s actions subsequent to the injury constitute unfair and deceptive practices under G.L.c. 93A, §§2 and 9 and unfair claim settlement practices under G.L.c. 176D, §§2 and 3(9).
DISCUSSION
Summary judgment is appropriate if there is no dispute as to the material facts and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction. 340 Mass. 414, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of demonstrating affirmatively that there is no triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Count I: Negligence
“[U]nder Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and . . . [t]he law does not regard the natural accumulation of snow and ice as an actionable property defect . . .” Alyward v. McCloskey, 412 Mass. 77, 79 (1992). This does not preclude recovery, however, where conditions are such that a defect is created by an unnatural accumulation of snow and ice. Phipps v. Aptucxet Post #5988 V.F.W. Bldg. Ass'n, Inc., 7 Mass.App.Ct. 928, 929 (1979) (large frozen ruts created by tire tracks and footprints); Pritchard v. Mabrey, 358 Mass. 137, 144 (1970) (water pouring from spout of building).
Thomas has set forth sufficient evidence to raise a question of fact concerning whether her fall was caused by an unnatural snow or ice condition amounting to a property defect, and therefore summary judgment is denied as to Count I.
Count II: G.L.c. 93A.
Thomas’s claim under G.L.c. 93A must fail because an action under said statute requires that there be an unfair or deceptive act or practice. As plaintiff recognizes in her brief, a practice or act is unfair if it is “. . . (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people.” Heller Financial v. Insurance Co. of North America, 410 Mass. 400, 408 (1991).
Assuming arguendo that a management company acting on behalf of the property owner stands in the shoes of the owner, there is no allegation that the management company in this case engaged in any act or practice that is deceptive. This is a negligence case in which plaintiff claims injuries from an unsafe condition created by the defendant. More than simple negligence is necessary to meet the standard of an unfair or deceptive act. Failure to respond in a timely and reasonable manner to a c. 93A demand letter does not in and of itself constitute an unfair or deceptive act.
Count III: G.L.c. 176D
Thomas’s G.L.c. 176D count fails because New England is not in the business of providing insurance. G.L.c. 176D provides: “No person shall engage in this Commonwealth in any trade practice which is ... unfair or deceptive act or practice in the business of insurance." G.L.c. 176D, §2 (emphasis added). In analogous cases involving various self-insurance contexts, courts have held that a self-insurer is not subject to liability under G.L.c. 176D unless otherwise engaged in the business of insurance. Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 122 (1988) (workers’ compensa *133 tion), citing Bertrand v. Quincy Mkt. Cold Storage & Warehouse Co., 728 F.2d 568, 571 (1st Cir. 1984); Miller v. Risk Management Found. of the Harvard Medical Insts., CA. Nos. 74034 and 85427 (Suffolk Super. Ct. May 31, 1990) (hospital self-insured for certain claims). The Court follows the reasoning of those cases and holds that, in the instant situation, a development corporation is not liable under G.L.c. 176D simply because it holds a self-insurance retainer for claims under $10,000. Thomas’s reliance on the letter of April 19, 1991, is misplaced. The letter shows nothing more than New England’s acknowledgement that Thomas’s claims, if covered, would fall within the self-insurance retainer amount of $10,000, and would therefore not be covered by its insurer.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is hereby ALLOWED as to Counts II and III of the plaintiffs Complaint and DENIED as to Count I of the plaintiffs Complaint.

 The defendant notes that its proper name is New England Development, Inc., not New England Development Corp., as it appears in the plaintiffs Complaint.

 The parties do not agree on whether the mall was open for shopping at that time. There is no allegation that Thomas intended to go into the mall shops.