NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1500                                          Appeals Court

ERIC HALBACH & another[1]  vs.  NORMANDY REAL ESTATE PARTNERS
& others.[2]

No. 15-P-1500.

Suffolk.     September 12, 2016. - November 18, 2016.

Present:  Kafker, C.J., Milkey, & Blake, JJ.

Practice, Civil, Summary judgment.  Negligence, One owning or
     controlling real estate, Use of way, Duty to prevent harm,
     Pedestrian.  Way, Public:  defect.

Civil action commenced in the Superior Court Department on
February 17, 2012.

The case was heard by Robert L. Ullmann, J., on a motion
for summary judgment.

Michael B. Bogdanow (John J. Carroll, Jr., with him) for
the plaintiffs.
Matthew Kirouac for the defendants.

BLAKE, J.  Plaintiff Eric Halbach (Halbach) suffered

serious injuries when he fell as a result of uneven pavement on

---

[1] Kathleen Halbach.

[2] 100 & 200 Clarendon Street LLC; Normandy Fundsub
Management Co., LLC; Normandy Development and Construction
Services LLC; and Normandy PRC, LLC.

a public sidewalk adjacent to a commercial building owned by defendant 100 & 200 Clarendon Street, LLC (Clarendon), and operated, leased, and maintained by one or more of the remaining defendants (collectively, Normandy).  Halbach and his wife, Kathleen Halbach, subsequently filed a complaint alleging that the defendants had a duty to either repair the sidewalk or warn pedestrians and the city of Boston (city) of the hazard.  Concluding that no such duty exists, a judge of the Superior Court allowed the defendants' motion for summary judgment.  We agree, and affirm.

Background.  The following undisputed facts are taken from the summary judgment record.  On June 4, 2009, Halbach was walking on Clarendon Street in the city, near the John Hancock garage (garage).  He tripped and fell on uneven payment on a part of the sidewalk directly adjacent to the garage, sustaining significant injuries as a result.[3]  The sidewalk where Halbach fell is owned by the city.  At the time of the fall, the commercial property adjacent to the sidewalk was owned by Clarendon and maintained by Normandy.  After the incident, Normandy hired a company to grind down the uneven payment at a cost of $798.

On February 17, 2012, the plaintiffs filed a complaint in the Superior Court, which was amended on October 4, 2013.  The

---

[3] Halbach suffered a bilateral quadricep tendon rupture.

amended complaint alleges that the defendants were negligent in their "ownership, control, maintenance and/or inspection" of the sidewalk adjacent to the garage by their "failure to ensure a safe pedestrian walkway" and their "failure to keep the area of the walkway free from defects and conditions rendering it unsafe."[4]  The defendants moved for summary judgment, contending that there were no genuine issues of material fact and that they were entitled to summary judgment as a matter of law.  After a hearing, the judge allowed the motion for summary judgment, concluding that the defendants owed no legal duty to the plaintiffs and declining to create what the judge described as "an entirely new duty."  This appeal followed.

Standard of review.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).  "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue." Lev v. Beverly Enterprises-Mass., Inc., 457 Mass. 234, 237

---

[4] The amended complaint also includes counts against each defendant for loss of consortium by Kathleen Halbach.

(2010). "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting from Olympic Jr., Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).

Discussion. The plaintiffs have conceded, both in their brief and at oral argument, that there are no genuine issues of material fact, agreeing that the question presented is one of law. They contend that the defendants owed a duty to the plaintiffs to repair or warn of hazards on the public sidewalk adjacent to their building. The plaintiffs claim that the duty stems from the defendants' right and power to exercise control over the sidewalk, that the defendants breached that duty, and that Halbach was injured as a result.

"To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." Jupin v. Kask, 447 Mass. 141, 146 (2006). Thus, in order to succeed on their claim of negligence, the plaintiffs here must first establish that the defendants owed them a legal duty of care. The existence or nonexistence of such a duty is a question of law and is, therefore, an appropriate subject for disposition by summary judgment. See

O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000); Remy v. MacDonald, 440 Mass. 675, 677 (2004).

The duties of an owner of land abutting a sidewalk or other public way[5] are limited. Our case law establishes that such an owner must only "refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way." Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). See ibid. (discussing duty owed to pedestrian injured on public sidewalk by private abutting landowner). In other words, an owner is charged with the negative duty of refraining from creating an unsafe condition on the public way adjacent to his property, but no more. Ibid. See Farolato v. Springfield Five Cents Sav. Bank, 310 Mass. 806, 808 (1942) ("Unless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the defendant, it had no duty -- breach of which would constitute negligence -- to keep the sidewalk in a reasonably safe condition for the use of travellers"); Mays v. Gamarnick, 326 Mass. 139, 141 (1950), and cases cited (abutter has no obligation to repair unsafe adjacent public sidewalk when condition is caused by an unrelated third party); Wallace v. Folsom's Mkt., Inc., 343 Mass. 177, 178-179 (1961) (defendant

---

[5] See Diamond v. Newton, 55 Mass. App. Ct. 372, 374 (2002) (public way consists of entire width of dedicated land, including the road and sidewalk).

abutter had no duty to correct condition on public sidewalk where no evidence was presented that condition was caused by any act or omission of the defendant).

It is not surprising, then, that the plaintiffs cite no Massachusetts authority imposing an affirmative duty on landowners to inspect the public sidewalks adjacent to their land and, if a defect is discovered, a corresponding duty to either cure or notify the governing municipality.[6]  Rather, as we have said, our case law establishes that the mere ownership of property abutting a public sidewalk is insufficient to create a duty to repair or warn of hazards on a sidewalk, particularly when it is a preexisting defect, not of the owner's creation, that caused the injury.[7]  See Kirby v. Boylston Mkt. Assn., 14 Gray 249, 252 (1860) (abutting landowners "are not responsible

---

[6] The plaintiffs rely upon cases from other jurisdictions to establish a duty here.  See, e.g., Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981) ("[C]ommercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so").  The out-of-State cases are not controlling here, and are inconsistent with our common law.

[7] The case of Papadopoulos v. Target Corp., 457 Mass. 368 (2010), cited by the plaintiffs, is inapposite.  First, it involved an accident that occurred on a private parking lot. Id. at 369.  Second, in that case, the Supreme Judicial Court abolished the distinction between the natural and unnatural accumulation of snow and ice and applied the standard of reasonable care to injuries resulting from any such accumulation.  Id. at 383-384.  The injury here did not result from an accumulation of snow or ice.

to individuals for injuries resulting to them from defects and want of repair in the side walk").  Applying this legal standard to the facts here, where it is undisputed that the sidewalk upon which Halbach fell is owned by the city, and abuts the defendants' garage, and it is uncontroverted that the uneven sidewalk was not caused by an act or omission of any of the defendants, the plaintiffs have failed in carrying their burden to establish that the defendants owed them a duty of care.

The plaintiffs nevertheless claim that, because the defendants exercised control over the sidewalk, their lack of ownership does not shield the defendants from liability.  The plaintiffs contend that Normandy's act of grinding down the pavement after Halbach's fall is evidence of the defendants' control of the sidewalk.[8]  The argument overlooks the facts specific to this case.

Under some circumstances, "a duty of care may arise from the right to control land, even where the person held to such a duty does not own the land in question."  Davis v. Westwood Group, 420 Mass. 739, 744-745 (1995), citing Underhill v. Shactman, 337 Mass. 730, 733 (1958).  That general principle

---

[8] The plaintiffs correctly concede that "[e]vidence of postaccident safety improvements is not admissible to prove negligence."  Martel v. Massachusetts Bay Transp. Authy., 403 Mass. 1, 4 (1988).  They also correctly argue, however, that such improvements can be introduced on the issue of control. See Mass. G. Evid. § 407 (2016).

does not apply here for two reasons. First, the record contains no evidence concerning the existence of any legal right of control possessed by the defendants over the sidewalk, but merely an unopposed remedial action. See generally Underhill, supra (examining parties' commercial lease to determine who retained control over maintenance of shopping center parking lot). Second, the city, which is the owner of the sidewalk here, is a public entity statutorily tasked with control of sidewalk maintenance and repair. See G. L. c. 84, § 1, as amended by St. 1991, c. 552, § 52 ("[T]own ways . . . shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers"); Myers v. Lee, 8 Mass. App. Ct. 874 (1979); Farrell v. Boston Water & Sewer Commn., 24 Mass. App. Ct. 583, 587 (1987) (defect on public sidewalk falls within scope of G. L. c. 84). Compare Davis, supra at 747 (holding that the power to control a State highway "lies with the State, and not with nongovernmental parties"); id. at 745, quoting from G. L. c. 81, § 13 (1992 ed.) ("State highways shall be maintained and kept in good repair and condition by the department [of highways] at the expense of the commonwealth").[9]

---

[9] For this reason, the plaintiffs' reliance on Marsden v. Eastern Gas & Fuel Assocs., 7 Mass. App. Ct. 27 (1979), is misplaced. Although Marsden recognized that premises liability may depend upon the defendant's control of the property, it did

Our conclusion also comports with the Commonwealth's "elaborate and comprehensive statutory system" establishing municipal liability for injuries resulting from defects in public ways. Huff v. Holyoke, 386 Mass. 582, 585 (1982). See ibid. (holding that by framing her complaint in terms of common-law nuisance, the plaintiff could not avoid the statutory limit on the recovery of damages against a municipality); G. L. c. 84, §§ 1, 15. See also DiNitto v. Pepperell, 77 Mass. App. Ct. 247, 249-250 (2010).

Conclusion. There is no dispute that Halbach fell on uneven pavement on a public sidewalk and, as a result, sustained personal injuries. It is also undisputed, however, that the defendants did not create or contribute to the conditions of the sidewalk. In the absence of such evidence, under the common law as it presently exists in Massachusetts, the defendants had no duty as abutting commercial property owners to repair or warn of hazards on the public sidewalk.[10]

Judgment affirmed.

so in the context of a claim involving a private way. Id. at 29.

[10] There is no merit to the plaintiffs' contention that the motion judge erred in failing to consider the testimony of their expert witness. They concede that the testimony did not establish the defendants' duty, but argue that the testimony was useful to establish the scope of that duty. As the defendants owed no duty of care to the plaintiffs, the testimony, which described industry standards regarding the scope of the duties of commercial landowners in maintaining abutting sidewalks, was not relevant.

MILKEY, J. (concurring).  I agree with the majority that, under current case law, the defendants had no duty to repair the publicly-owned sidewalk abutting their property, or to warn people of the defects there.  In fact, such a rule has long been established.  See, e.g., Kirby v. Boylston Mkt. Assn., 14 Gray 249, 252 (1860).  Whether to alter that rule is a question that properly falls to the Supreme Judicial Court.  I write separately to note that the plaintiffs have a more forceful case for such a change in the law than the majority opinion suggests.

In declining to recognize that owners of property abutting a public sidewalk owe a duty to members of the public to keep the sidewalk in good repair, the cases treat public sidewalks the same as highways or other public ways.  See Pritchard v. Mabrey, 358 Mass. 137, 140 (1970).[1]  However, sidewalks are different from highways in various important respects.  A highway is an unmistakably public space that is subject to the sole control of the public entities with jurisdiction over it.  Indeed, a private party who exercised self-help to improve a public street would be far more likely to face arrest than municipal expressions of gratitude.  By contrast, as this case

_____

[1] In fact, at least for some purposes, a public sidewalk that lies within the right of way created for a street is considered as part of the public way.  See Diamond v. Newton, 55 Mass. App. Ct. 372, 374 (2002) (injury caused by defect in area between road and sidewalk held subject to the liability cap applicable to public ways set forth in G. L. c. 84, § 15).

illustrates, municipalities regularly look to private property owners to keep sidewalks adjacent to their property passable and safe.[2]  Moreover, at least as to commercial property, the owners themselves accept that responsibility.  For example, in her deposition, an employee who managed the property for defendant Normandy Real Estate Partners acknowledged her understanding that her employer had "the responsibility to order repairs and maintenance to the property to keep it free of tripping hazards."  In furtherance of that understood responsibility, and presumably so that its employees, customers, and other members of the public could use the sidewalk without getting hurt, the defendants repaired the sidewalk in question after Eric Halbach's accident.[3]  This is strong evidence that the defendants in fact exercised control over the sidewalk, even if title to it

---

[2] I recognize that municipalities' placing such responsibilities on abutting landowners is not new.  In fact, in Kirby v. Boylston Mkt. Assn., supra, a case that appears to involve a sidewalk along the very same street at issue in the case before us, the Supreme Judicial Court recognized that, as of 1860, "by ordinances of the city [of Boston], it is made the duty of abutters, under prescribed penalties, to keep the side walks adjoining their estates in good repair, and seasonably to remove all snow and ice therefrom."  14 Gray at 252.  The court nevertheless rejected the plaintiff's argument that the owner of the abutting property therefore owed him a duty to keep the sidewalk in good repair.  Id. at 252-253.

[3] Notably, the invoice for the repair refers to the walkway that was repaired not as a public sidewalk but as the "Parking Garage Walkway."

technically lay with the city of Boston (city).[4]  See generally Davis v. Westwood Group, 420 Mass. 739, 744-745 (1995) ("[A] duty of care may arise from the right to control land, even where the person held to such a duty does not own the land in question").[5]

Although the responsible behavior that the defendants exercised here in fixing the problem is laudable, it is hardly exceptional.  As evidenced by the plaintiffs' summary judgment submittals, the commercial real estate industry recognizes that

---

[4] While a defendant's postaccident repairs are not admissible to prove negligence, they can be admitted to demonstrate control where that issue is in dispute.  See Mass. G. Evid. § 407 (2016).

[5] The majority appears to take the position that no duty can attach to a defendant absent an express "right to control" the property where the injury took place.  As a legal proposition, this is not entirely clear under Massachusetts law.  See Cohen v. Elephant Rock Beach Club, Inc., 63 F. Supp. 3d 130, 141 (D. Mass. 2014) (interpreting Davis v. Westwood Group, supra, narrowly).  The summary judgment record is somewhat incomplete, and despite the fact that reliable versions of municipal ordinances and by-laws now may be as generally accessible as statutes, case law from another era precludes us from taking judicial notice of the current version of Boston sidewalk ordinances.  See Cerwonka v. Saugus, 316 Mass. 152, 153 (1944).  Nevertheless, there has been some showing that the defendants had a right to control the sidewalk abutting their property.  Especially viewed against the historical practice -- recognized by the case law -- of municipalities' relying on private parties to keep sidewalks in good repair, I think the defendants' right to control the sidewalk reasonably can be inferred by their exercise of such  control here.  The fact that the city presumably retained final say over any such repairs does not mean that the defendants lacked a "right to control" the sidewalk (as that term is used by the case law).

managers of such property have a responsibility to keep the public sidewalks adjacent to their property "in a proper state of repair, and maintained free from hazardous conditions."[6] In short, at least in the context of commercial property, the reality is that the world principally looks to private property owners to make sure that the sidewalks bordering their property are safe. It is far from self-evident why -- under modern tort principles -- the law should not follow suit. See Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981) ("[C]ommercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so"). See also Pittsburgh v. United States, 359 F.2d 564, 566 (3d Cir. 1966) ("Under Pennsylvania law the owner or tenant in possession of property has a primary obligation to keep the abutting sidewalk in repair").[7] Without a change in the common-law liability rules (or a legislative change to the statutory cap on municipal liability), parties who have become injured as the result of a sidewalk defect may be left without an effective

---

[6] Of course, industry standards by themselves do not establish the presence (or absence) of a legal duty. But that does not make them irrelevant.

[7] Compare Heman v. Franklin, 99 Mo. App. 346, 348 (1903) (where landowner failed to comply with city's regulation requiring abutter to repair public sidewalk, city may recover the costs of repair).

remedy, regardless of whether the private property owners charged with maintaining the sidewalk have violated a duty that they themselves recognize.