Heman v. Franklin.

## JOHN C. HEMAN, Appellant, v. SARA E. FRANK-LIN et al. Respondents.

**St. Louis Court of Appeals, March 17, 1903.**

1. **Sidewalks: MUNICIPAL CONTROL.** Under the provisions of ordinance number 16630 of the city of St. Louis, it is for the municipal authorities of the city of St. Louis to say when a sidewalk therein is in such bad condition that it needs to be repaired or replaced, and when those authorities, in the exercise of their judgment and discretion order an old sidewalk to be replaced by a new one; the property-owner can not defend against the taxbill issued to pay for the new one, on the ground that the replaced sidewalk was in good condition.

2. ———: ———: **TAXBILL: ABATEMENT.** Under the provisions of ordinance number 16630, the defendant when sued on a taxbill for the value of a sidewalk replaced, has the right to show that the new walk was not laid in a workmanlike-manner and thereby obtain an abatement, *pro tanto,* from the face of the taxbill.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft,* Judge.

REVERSED AND REMANDED.

*Hickman P. Rodgers* for appellant.

(1) "The street commissioner shall have under his special charge the construction, reconstruction, repairing and cleaning of the public streets, alleys and places, excepting parks." Charter, City of St. Louis, art. 4, sec. 35 (R. S. 1899, p. 2109). (2) The expediency of the improvement and the occasion for the special tax were matters within the discretion of the municipal authorities of the city of St. Louis; and their action causing the brick sidewalk to be replaced with a granitoid sidewalk is not subject to review by the courts. Heman v. Allen, 156 Mo. 534; Skinker v. Heman, 148 Mo. 349; Moberly v. Hogan, 131 Mo. 19; Warren v. Barber Paving Co., 115 Mo. 572; Heman v. Ring, 85 Mo. App. 231.

*H. A. Loevy* for respondents.

The property-owner can show inferior work or entire worthlessness of work done by contractor. Charter, art. 6, sec. 25 (R. S. 1899, p. 2125); Creamer v. Bates, 49 Mo. 523; K. C. v. Ridenour, 84 Mo. 261; Meyer v. Wright, 19 Mo. App. 287; Heman v. Gerardi, 69 S. W. 1068.

GOODE, J.—This is an action on a special taxbill for laying a granitoid sidewalk in front of a lot owned by Mrs. Franklin, one of the defendants, on Compton avenue in the city of St. Louis. The work was done pursuant to ordinance No. 16630 of the city of St. Louis, which prescribed that in certain districts in the city all new sidewalks were to be constructed of the artificial stone known as granitoid. The ordinance also provided that whenever a sidewalk in said district was out of repair, the street commissioner should notify the owners of the abutting property to have the same repaired or rebuilt, and if they failed to do so should cause the work to be done under the annual contract for stone flagging.

Mrs. Franklin was notified to repair the brick sidewalk in front of the property in question, but neglected to do so. Plaintiff, in obedience to the order of the street commissioner, took up the brick walk and in place of it laid a granitoid one, for which work this action was brought.

Two defenses were interposed: that the brick sidewalk which was torn up to make room for the granitoid was in good condition, and that the new granitoid when laid was so poor and fell so far below the specifications as to be worthless.

Evidence was submitted which bore on both issues and the court likewise submitted both to the jury by instructions. The jury were told, among other things, that if they believed that at the time plaintiff was or-

dered to reconstruct the sidewalk in front of Mrs. Franklin's premises, there was a brick sidewalk there in sound and perfect condition and not in need of any repairs, the verdict must be for the defendant.

This case was tried in the circuit court before the publication of the decision of the Supreme Court in Skinker v. Heman, 148 Mo. 349, or that of this court in Heman v. Ring, 85 Mo. App. 231. Those two decisions maintain the proposition that it is for the municipal authorities of the city of St. Louis to say when a sidewalk therein is in such bad condition that it needs to be repaired or replaced, and when those authorities, in the exercise of their judgment and discretion, order an old sidewalk to be replaced by a new one, the property-owner, generally speaking, can not defend against the taxbill issued to pay for the new one, on the ground that the replaced sidewalk was in good condition. The very ordinance in question was considered in those two cases and, as neither fraud nor legislative caprice appeared to be the cause of its enactment, was upheld as valid.

It follows, as defendant's counsel concedes, that the court erred in instructing the jury the plaintiff could not recover if the jury found the brick sidewalk in front of Mrs. Franklin's lot was in good condition when the granitoid walk was ordered.

It is, of course, a defense if the granitoid walk was worthless; and under the city charter the defendant has the right to show the new walk was not laid in a workmanlike manner and thereby obtain an abatement, *pro tanto,* from the face of the taxbill. Charter St. Louis, art. 5, sec. 25. But the jury must pass on that defense in this case; and it is impossible for us to know whether they found the issues for the defendants because the brick sidewalk was good when removed, or because the granitoid was worthless when laid.

In Heman v. (  _rardi, 96 Mo. App. (St. L.) 231, no exceptions were saved and there was nothing for this

court to review; but in the opinion there was an irrelevant remark in regard to the right of the plaintiff to recover on a *quantum meruit* which should not be construed to deny the right of a defendant sued on a St. Louis taxbill to take advantage of the provision of the St. Louis charter above cited, as there was no need to decide the point in that case.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.