ANTHONY PUCKETT *vs.* COMMISSIONER OF CORRECTION & others.[1] .

No. 88-P-1364.

Norfolk. December 12, 1989. - March 29, 1990.

Present: BROWN, DREBEN, & JACOBS, JJ.

*Imprisonment*, Enforcement of discipline. *Administrative Law*, Prison disciplinary proceeding.

The restrictive detention of a State prison inmate in "awaiting action" status for over five and one-half months without review was unreasonable as matter of law and constituted a violation of 103 Code Mass. Regs. § 430.19 (1978). [450-452]

CIVIL ACTION commenced in the Superior Court Department on April 22, 1986.

The case was heard by *Harry J. Elam*, J., on a motion for partial summary judgment and judgment was ordered by *Mel L. Greenberg*, J.

*Michael H. Cohen* for the defendants.

*James L. Sultan* for the plaintiff.

JACOBS, J. While serving a sentence at the Massachusetts Correctional Institution at Walpole (M.C.I., Walpole), the plaintiff was accused of plotting to assassinate the prison superintendent. He complained in the Superior Court that the defendants' reactions to that accusation were unlawful. A judge of that court granted the plaintiff's motion for partial summary judgment as to so much of his complaint as alleged that his prolonged confinement in awaiting action (A.A.) status was contrary to applicable regulations and violative of his constitutional due process rights. The defendants appeal from

---

[1]Present and former superintendents of the Massachusetts Correctional Institution at Walpole, now known as the Massachusetts Correctional Institution at Cedar Junction.

an ensuing judgment entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).[2]

The documents properly reviewable under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), establish that: the plaintiff was an inmate in the general population at M.C.I., Walpole, when the assassination accusation surfaced; as a result of the accusation he was transferred, on February 12, 1982, to the Massachusetts Correctional Institution at Norfolk (M.C.I., Norfolk), where he was placed in A.A. status; on March 31, 1982, a disciplinary board entered a guilty finding and, in addition to imposing sanctions,[3] recommended reclassification and transfer to the departmental segregation unit (D.S.U.); the plaintiff remained in A.A. status at M.C.I., Norfolk, awaiting a classification hearing, until November 4, 1982, when he was returned to M.C.I., Walpole; after a classification hearing conducted on December 9, 1982, he was placed in the D.S.U.; the plaintiff's confinement in A.A. status in M.C.I., Norfolk, was substantially more restrictive than his confinement in the general population at M.C.I., Walpole, and was not the subject of any official review between May 13, 1982, when his administrative appeal was denied, and November 4, 1982.[4]

---

[2]The plaintiff's motion sought partial summary judgment with respect to both his claim of improper confinement and his claim that his administrative hearing failed to afford him due process. The judgment ordered the restoration and award of good conduct (good time) credits and resulted in the plaintiff's release from prison. See G. L. c. 127, §§ 129, 129D. The defendants do not contest that aspect of the judgment which, in effect, set aside the administrative finding of guilt. Therefore, only the issue of improper confinement is before us. That question is not rendered moot by the plaintiff's expedited release from prison since its resolution may affect other remedies sought in the plaintiff's complaint. Also, the controversy herein addressed "can be said to be one 'capable of repetition, yet evading review,' and therefore excepted from the canon of mootness." *Diafario* v. *Commissioner of Correction*, 371 Mass. 545, 553 (1976).

[3]The sanctions imposed consisted of fifteen days in isolation and loss of 700 days of good time credits. The latter penalty was reduced to loss of 150 days in the course of institutional appeal procedures.

[4]The defendants, by their answer, admitted those portions of the plaintiff's complaint that alleged increased restrictions while in A.A. status. Also, the plaintiff, in an uncontroverted affidavit, maintained that he received neither hearing nor review between May 13, 1982, and November

We decide that the plaintiff's claim of regulatory violation is dispositive of the case before us[5] and therefore do not address the constitutional issues raised. The broad discretion logically accorded State prison administrators may be limited by duly promulgated State agency regulations. See *Bell* v. *Wolfish*, 441 U.S. 520, 547 (1979); *Nelson* v. *Commissioner of Correction*, 390 Mass. 379, 392 (1983); *Royce* v. *Commissioner of Correction*, 390 Mass. 425, 427 (1983). The applicable Department of Correction regulation was 103 Code Mass. Regs. § 430.19 (1978).[6] It established A.A. status as an interim measure destined to be terminated "at some iden-

---

4, 1982, and that his confinement in A.A. status at M.C.I., Norfolk, was "punitive in nature" and constituted a higher custody status than confinement in the general population at M.C.I., Walpole.

[5]The defendants' attempt to appeal from the denial of their motion for summary judgment need not be addressed, the order of denial being interlocutory, unreported, and not the subject of the Mass.R.Civ.P. 54(b) judgment before us. Mass.R.Civ.P. 64, 365 Mass. 831 (1974). *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174 (1975). Our consideration of mature appellate issues in this action does not require us to determine premature questions. *Panesis* v. *Loyal Protective Life Ins. Co.*, 5 Mass. App. Ct. 66, 75-76 (1977). The defendants have waived their claim of qualified immunity under the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H, 11I, and thereby eliminated the possibility of leveraging an interlocutory appeal on the basis of the doctrine of present execution. *Breault* v. *Chairman of the Bd. of Fire Commrs.*, 401 Mass. 26, 30-31 (1987).

[6]"*430.19: Placement in Detention in Awaiting Action Status*

"(1) The superintendent or his designee may authorize the placement of an inmate in detention in awaiting action status pending:

(a) A hearing on a disciplinary offense by the inmate

(b) An investigation of a possible disciplinary offense by the inmate

(c) A transfer or a reclassification of the inmate to higher custody status, or

(d) Imposition of isolation time sanction on the inmate when the inmate's continued presence in the general population poses a serious threat to persons, property, or the security of the institution.

"(2) The superintendent shall designate such person or persons as he deems appropriate to review the status of inmates housed in detention in awaiting action on a weekly basis. An inmate shall be released from detention when the reasons for his initial placement cease to exist or when his return to general population no longer poses a serious threat to persons, property, or the security of the institution or when he is no longer in the status specified in any one of 103 CMR 430.19(1)(a) through 430.19(1)(d)."

tifiable point in time." *Royce* v. *Commissioner of Correction,* *supra* at 429. By design, A.A. status is temporary. It may continue only pending an administrative event. Viewing the facts in the light most favorable to the defendants, we see the plaintiff confined in A.A. status without review[7] from at least May 13, 1982, to November 4, 1982. Even had the plaintiff's case been reviewed weekly as then required (103 Code Mass. Regs. § 430.19(2) [1978]), such review could not go on indefinitely. *Hewitt* v. *Helms,* 459 U.S. 460, 477 n.9 (1983). "At some point in time, confinement, even with review, becomes *unreasonable*" (emphasis added). *Royce* v. *Commissioner of Correction, supra* at 430 n.9. See *Hewitt* v. *Helms, supra* at 476 n.8. The rule of reason, therefore, dictates the point beyond which awaiting action status lawfully may not be continued under the applicable regulations. Absent the proffer of any explanation or justification by the defendants, the motion judge was warranted in concluding that the prolonged confinement of the plaintiff presented no genuine and triable issue of fact. We agree that a restrictive detention of over five and one-half months, in the circumstances, was unreasonable as matter of law.

We note that the trial court decision on the motion for partial summary judgment encompassed within its sweep the subject of requested declaratory relief. Since the judgment entered was not couched in the requisite language of declaration, *Boston* v. *Massachusetts Bay Transp. Authy.,* 373 Mass. 819, 829 (1977), it should be modified to declare that the confinement of the plaintiff in awaiting action status between May 13, 1982, and November 4, 1982, constituted a

---

[7] The defendants argue that frequent review occurred and point to materials attached to an unverified memorandum filed by them in the Superior Court. The judge, in his summary judgment memorandum, noted that no offer of proof had been made in support of that contention and found that there was no evidence of periodic review. Moreover, in the form submitted, these materials hardly constitute "contemporaneous prison records" such as might be considered by the court. See *Penn El* v. *Riddle,* 399 F. Supp. 1059, 1061 (E.D. Va. 1975). Accordingly, such submission, not being by affidavit or as otherwise permitted by Mass.R.Civ.P. 56, 365 Mass. 824 (1974), was not considered by us.

violation of 103 Code Mass. Regs. § 430.19 (1978). As so modified, the judgment of the Superior Court is affirmed.

*So ordered.*