Cowin, J.
INTRODUCTION
This matter is before the Court on defendants’ motion to dismiss or, in the alternative, for summary judgment. For the reasons below, the defendants’ motion to dismiss is ALLOWED.
BACKGROUND
The following facts are taken from the complaint. The plaintiff, James Hook (“Hook”), is an inmate in the custody of the Department of Correction (“Department”) currently serving a 71/2 to 8 year sentence at the Old Colony Correctional Center (“O.C.C.C.”). The defendants are Larry DuBois, Commissioner of Correction and Peter Pepe, Superintendent of M.C.I.-Norfolk. On September 9, 1994, while housed at the medium security facility at MCI-Norfolk, Hook and several other inmates were removed from their cells and placed on “Awaiting Action” (“A.A.”) status in administrative segregation pending the Department’s investigation into their alleged involvement in making an alcoholic beverage commonly known as “home brew.”[2] Home brew was never found in plaintiffs cell, but only in the cell of an inmate directly adjacent to Hook’s cell. The Department’s investigation did not result in sufficient evidence to warrant issuing Hook a disciplinary report.
On November 2, 1994, Hook filed this action alleging that the defendants violated his rights to due process and equal protection under the Massachusetts Declaration of Rights and the United States Constitution. Hook also alleges that the defendants violated the provisions in 103 CMR 421.08 by illegally placing him in segregation.
Defendants filed a “Motion to Dismiss, or, Alternatively for Summary Judgment.” At the hearing, plaintiff, represented by counsel, waived all claims, other than those arising from his placement on A.A. status.[3] After the hearing, the Court gave the parties opportunity to file affidavits and counter-affidavits. Neither party did so. Thus, all that is before me is the complaint and I am treating the motion as one to dismiss.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.RCiv.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint as well as any inferences that can be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) (citations omitted). The complaint should not be dismissed unless it appears certain that the plaintiff can prove no set of facts to support the claim which would entitle the plaintiff to relief. Spinner v. Nutt, 417 Mass. 549, 550 (1994); Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any valid theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Defendants contend that Hook’s claims must be dismissed because Hook’s temporary placement on A. A. status in administrative segregation is permitted by Department regulations and does not implicate any liberty interest.
I. Seregated Confinement
Administrative segregation, including confinement on A A. status, “is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.” Hewitt v. Helms, 459 U.S. 460, 468 (1983). An inmate’s due process rights will be satisfied by providing “an informal, nonadversary review” of his administrative confinement within a reasonable time after placement in administrative segregation. Id. at 472.
In Lamoureux v. Superintendent, Massachusetts Correctional Institution, Walpole, 390 Mass. 409 (1983), the Supreme Judicial Court determined that placing an inmate in A.A. status during an investigation is permissible. The Court held that the regulations and procedures followed by the Department of Correction, in that case involving a prisoner subjected to administrative segregation, did not infringe any liberty interest the prisoner had. Id. at 416-18.
In Puckett v. Commissioner of Correction, 28 Mass.App.Ct. 448 (1990), the Appeals Court stated that A.A. status was temporary and could only continue pending an administrative event. Id. at 451. *389 Further, the prison officials must produce evidence justifying the A.A. placement. How long an inmate may lawfully be kept in awaiting action status is governed by a rule of reason. Id. In Puckett, the Court held that a restrictive detention of over five and one-half months, in the circumstances of that case, was unreasonable absent any explanation or justification by the defendants. Id. However, an inmate may be placed on A.A. status so long as it is “an interim measure destined to be terminated ‘at some identifiable point in time’... pending an administrative event.” Puckett, supra at 450-51 quoting Royce v. Commissioner of Correction, 390 Mass. 425, 429 (1983).
The complaint in the present case is that Hook was placed on A.A. status on September 9, 1994, while his suspected involvement in the production of home brew was investigated. Hook’s A.A. status was terminated on November 4, 1994 when he was transferred to O.C.C.C. Accordingly, Hook was on A.A. status for a period of approximately seven weeks.
The placement of Hook on A.A. status during the pendency of the investigation was proper since the circumstances demonstrated reasonable explanation or justification. Under the facts presented, it was within the broad discretion of the prison officials to place Hook on A.A. status. Royce, supra at 427. It was well within a reasonable exercise of discretion for the Department to determine that a substantial threat to the safety of the inmates and staff existed based on their suspicions that Hook was involved in the production of home brew. If Hook had been allowed to remain in the general population during the pendency of the investigation, he could have influenced potential witnesses and informants. Thus, it was necessary to remove him from the general population during the investigation. Accordingly, Hooks’s placement and retention on A.A. status was justified. Hook’s confinement on A.A. status for approximately seven weeks was not impermissibly long.
Hook also complains that his equal protection rights were violated by his seven weeks on A.A. status because he was treated differently than other inmates suspected of making home brew. The equal protection clause “is essentially a direction that all persons similarly situated should be treated alike.” City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). To make out a claim of selective enforcement, a plaintiff must show that the selection was based on an impermissible standard such as race, religion, or other arbitrary classification. Teague v. Alexander, 662 F.2d 79, 83 (D.C. Cir. 1981); LeClair v. Saunders, 627 F.2d 606, 611 (2nd Cir. 1980) cert. denied, 450 U.S. 959 (1981). Absent such discrimination aimed at a “suspect class,” a plaintiff must show intentional or purposeful discrimination. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977); Snowden v. Hughes, 321 U.S. 1, 8 (1944). Without an allegation of discriminatory purpose, a mere failure to treat equally all persons is not a denial of equal protection. See United States v. Batchelder, 442 U.S. 114 (1979).
Plaintiff claims he was treated more severely than other inmates who were also suspected of making the home brew because he was held in A.A. status longer than the others. Assuming this allegation to be true, there is no claim of intentional or purposeful discrimination. Discriminatory purpose cannot be presumed. Coyne v. City of Somerville, 770 F.Supp 740, 744-45 (1991), citing Tarrance v. Florida, 188 U.S. 519, 520 (1903). Plaintiffs equal protection claim fails.
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED.

Although the complaint does not so state, it is inferred that this occurred at MCI-NorfoIk, as Peter Pepe is Superintendent of that institution.

At the oral argument on this motion, Hook’s counsel also waived any claim raised by paragraph 24 of the complaint regarding the loss of 150 days of statutory good time.