## DAVID B. DIAMOND *vs.* CITY OF NEWTON.

No. 99-P-1446.

Middlesex. November 14, 2001. - July 3, 2002.

Present: LAURENCE, SMITH, & KAFKER, JJ.

*Way,* Public: what constitutes.

In a tort action, the judge properly ruled that a grass and dirt area between a road and a sidewalk was a public way, and that therefore, G. L. c. 84, § 15, limited the defendant city's liability in the case to $5,000. [373-374]

This court declined to consider arguments where the defendant had filed no cross appeal and where, even if the defendant had appealed, the questions were premature. [374]

CIVIL ACTION commenced in the Superior Court Department on July 6, 1998.

The case was heard by *Raymond J. Brassard,* J., on motions for summary judgment.

*Stephen Schultz* for the plaintiff.

*Richard G. Chmielinski,* Assistant City Solicitor, for the defendant.

SMITH, J. On October 24, 1997, the plaintiff tripped over a three-inch metal stub (evidently the remains of a sign post) protruding from the ground in a grass and dirt area between Park Avenue and the sidewalk, in the city of Newton (city). At the time, the plaintiff had just crossed Park Avenue while taking "a late afternoon stroll with [his] wife" at a "brisk speed." Where the plaintiff fell, a large amount of leaves had accumulated, thereby at least partially obscuring the metal stub from view.

The plaintiff brought a three-count complaint in the Superior Court against the city. In count I, the plaintiff alleged that the city was negligent in leaving the metal stub in place in a grass and dirt area between the road and the sidewalk, "adjacent to

but not part of a public way." In the alternative, the plaintiff alleged in count II that the grass and dirt area was a public way and that the metal stub was a defect which might have been remedied by reasonable care and diligence on the part of the city. In count III, the plaintiff sought a declaration that the grass and dirt area between the road and the sidewalk was not a public way pursuant to G. L. c. 84, § 15, and that therefore, the city's liability was not limited to $5,000.

The plaintiff moved for summary judgment on count III. The city opposed the plaintiff's motion and filed a cross motion for summary judgment on all counts of the plaintiff's complaint. The city also filed a motion requesting that the case be remanded to the District Court, claiming that pursuant to G. L. c. 84, § 15, the city's liability was limited to $5,000.

A Superior Court judge denied the plaintiff's motion and denied the city's motion for summary judgment on counts I and II. On count III, the motion judge allowed the city's motion and ordered the issuance of a declaration stating that the location of the plaintiff's fall was within a public way. Because G. L. c. 84, § 15, thus capped the city's liability at $5,000, the judge remanded the matter to the District Court. The plaintiff has appealed, claiming that the area where he fell is not a public way and that therefore, G. L. c. 84, § 15, is inapplicable.[1]

"Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lindsay* v. *Romano*, 427 Mass. 771, 773 (1998).

Whether land is a public way is a subject of judicial inquiry. *Martin* v. *Building Inspector of Freetown*, 38 Mass. App. Ct.

[1]Perhaps due to the remand by the motion judge to the District Court for further proceedings, there does not appear to be any judgment entered below, only an order for declaratory judgment.

However, G. L. c. 231A, § 1, provides in pertinent part that "the . . . superior court . . . may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby . . . and such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such . . . ."

Therefore, because the order for judgment essentially functioned as a "binding declaration," the statute permits an appeal in this instance.

509, 510 (1995), and cases cited. In general, an existing way in a city is not a public way (one which a city has a duty to maintain free from defects) unless it becomes public in character either by prescription or by a laying out by public authority in the manner prescribed by statute. *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83-84 (1979).[2]

The city submitted an affidavit of the city engineer and other supporting materials with its motion for summary judgment. These materials, which were not contradicted by the plaintiff's submissions, demonstrate that the city, in 1937, took and dedicated a forty-foot width of land as a public way named Park Avenue. The forty-foot width included the road, the sidewalk, and the grass and dirt area between the sidewalk and Park Avenue.[3] All agree that the plaintiff's fall was entirely within the forty-foot width in question. Therefore, the plaintiff's fall was within a public way, G. L. c. 84, § 15, applies, and the motion judge properly allowed summary judgment for the city on count III.

The city argues that the judge committed error in denying its motion for summary judgment in regard to counts I and II. We need not address the city's contentions because the city has filed no cross appeal. Even if the city had appealed, we would not reach its arguments because the judge's order denying the motion was interlocutory, was not reported to us by him, and was not the subject of a binding declaration. See *Puckett* v. *Commissioner of Correction*, 28 Mass. App. Ct. 448, 450 n.5 (1990). See *Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 177-179 (1975). "Our consideration of mature appellate issues in this action does not require us to determine premature questions." *Puckett* v. *Commissioner of Correction*, 28 Mass. App. Ct. at 450 n.5. See *Panesis* v. *Loyal Protective Life Ins. Co.*, 5 Mass. App. Ct. 66, 75-76 (1977).

---

[2]Prior to 1846, a dedication by the owner to public use, coupled with an express or implied acceptance by the public, also created a public way. See *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83-84 (1979). An 1846 statute put an end to the creation of public ways by dedication and acceptance. *Ibid.*

[3]We reject as untenable the plaintiff's strained reading of the taking order, which he construes to mean that only the road and the sidewalk proper, and not the strip of land between, were intended to be part of the public way.

The declaration that the strip of land in question is part of a public way is affirmed.

*So ordered.*