Milkey, J.
(concurring). I agree with the majority that, under current case law, the defendants had no duty to repair the publicly-owned sidewalk abutting their property, or to warn people of the defects there. In fact, such a rule has long been established. See, e.g., Kirby v. Boylston Mkt. Assn., 14 Gray 249, 252 (1860). Whether to alter that rule is a question that properly falls to the Supreme Judicial Court. I write separately to note that the plaintiffs have a more forceful case for such a change in the law than the majority opinion suggests.
In declining to recognize that owners of property abutting a public sidewalk owe a duty to members of the public to keep the sidewalk in good repair, the cases treat public sidewalks the same as highways or other public ways. See Pritchard v. Mabrey, 358 Mass. 137, 140 (1970).[1] However, sidewalks are different from highways in various important respects. A highway is an unmistakably public space that is subject to the sole control of the public entities with jurisdiction over it. Indeed, a private party who exercised self-help to improve a public street would be far more *675 likely to face arrest than municipal expressions of gratitude. By contrast, as this case illustrates, municipalities regularly look to private property owners to keep sidewalks adjacent to their property passable and safe.[2] Moreover, at least as to commercial property, the owners themselves accept that responsibility. For example, in her deposition, an employee who managed the property for defendant Normandy Real Estate Partners acknowledged her understanding that her employer had “the responsibility to order repairs and maintenance to the property to keep it free of tripping hazards.” In furtherance of that understood responsibility, and presumably so that its employees, customers, and other members of the public could use the sidewalk without getting hurt, the defendants repaired the sidewalk in question after Eric Halbach’s accident.[3] This is strong evidence that the defendants in fact exercised control over the sidewalk, even if title to it technically lay with the city of Boston (city).[4] See generally Davis v. Westwood Group, 420 Mass. 739, 744-745 (1995) (“[A] duty of care may arise from the right to control land, even where the person held to such a duty does not own the land in question”).[5]
*676 Although the responsible behavior that the defendants exercised here in fixing the problem is laudable, it is hardly exceptional. As evidenced by the plaintiffs’ summary judgment sub-mittals, the commercial real estate industry recognizes that managers of such property have a responsibility to keep the public sidewalks adjacent to their property “in a proper state of repair, and maintained free from hazardous conditions.”[6] In short, at least in the context of commercial property, the reality is that the world principally looks to private property owners to make sure that the sidewalks bordering their property are safe. It is far from self-evident why — under modern tort principles — the law should not follow suit. See Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981) (“[Cjommercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so”). See also Pittsburgh v. United States, 359 F.2d 564, 566 (3d Cir. 1966) (“Under Pennsylvania law the owner or tenant in possession of property has a primary obligation to keep the abutting sidewalk in repair”).[7] Without a change in the common-law liability rules (or a legislative change to the statutory cap on municipal liability), parties who have become injured as the result of a sidewalk defect may be left without an effective remedy, regardless of whether the private property owners charged with maintaining the sidewalk have violated a duty that they themselves recognize.

In fact, at least for some purposes, a public sidewalk that lies within the right of way created for a street is considered as paid of the public way. See Diamond v. Newton. 55 Mass. App. Ct. 372, 374 (2002) (injury caused by defect in area between road and sidewalk held subject to liability cap applicable to public ways set forth in G. L. c. 84, § 15).

I recognize that municipalities’ placing such responsibilities on abutting landowners is not new. In fact, in Kirby v. Boylston Mkt. Assn., supra, a case that appeal's to involve a sidewalk along the very same street at issue in the case before us, the Supreme Judicial Court recognized that, as of 1860, “by ordinances of the city [of Boston], it is made the duty of abutters, under prescribed penalties, to keep the side walks adjoining their' estates in good repair; and seasonably to remove all snow and ice therefrom.” 14 Gray at 252. The court nevertheless rejected the plaintiffs argument that the owner of the abutting property therefore owed him a duty to keep the sidewalk in good repair. Id, at 252-253.

Notably, the invoice for the repair refers to the walkway that was repaired not as a public sidewalk but as the “Parking Garage Walkway.”

While a defendant’s postaccident repair's are not admissible to prove negligence, they can be admitted to demonstrate control where that issue is in dispute. See Mass. G. Evid. § 407 (2016).

The majority appears to take the position that no duty can attach to a defendant absent an express “right to control” the property where the injury took place. As a legal proposition, this is not entirely clear under Massachusetts law. See Cohen v. Elephant Rock Beach Club, Inc., 63 F. Supp. 3d 130, 141 (D. Mass. 2014) (interpreting Davis v. Westwood Group, supra, narrowly). The summary judgment record is somewhat incomplete, and despite the fact that reliable versions of municipal ordinances and by-laws now may be as generally accessible as statutes, case law from another era precludes us from taking judicial notice of the current version of Boston sidewalk ordinances. See Cerwonka v. Saugus. 316 Mass. 152, 153 (1944). Nevertheless, there has been some showing that the defendants had a right to control the sidewalk abutting *676 their property. Especially viewed against the historical practice — recognized by the case law — of municipalities’ relying on private parties to keep sidewalks in good repair, I think the defendants’ right to control the sidewalk reasonably can be inferred by their exercise of such control here. The fact that the city presumably retained final say over any such repairs does not mean that the defendants lacked a “right to control” the sidewalk (as that term is used by the case law).

Of course, industry standards by themselves do not establish the presence (or absence) of a legal duty. But that does not make them irrelevant.

Compare Heman v. Franklin, 99 Mo. App. 346, 348 (1903) (where landowner failed to comply with city’s regulation requiring abutter to repair' public sidewalk, city may recover costs of repair).